KAVANAGH *vs.* THE MOBILE AND GIRARD RAILROAD CO.*

1. The nuisance complained of being in part the loading and unloading of freight cars in the street from a side-track, to cease doing these acts from the side-track and then do them instead from the main track, would be a virtual continuance of the nuisance; wherefore a prayer in general terms to restrain the loading and unloading of freight cars in the street is a proper prayer, on the allegations in the bill, and, under the former ruling of this court in this same case, should be granted.

2. Another element of the nuisance being that a switching-yard is made of the street, and that engines are constantly passing to and fro carrying cars to the yards of the company on the East Commons, a prayer to restrain the shifting and transferring of freight cars backward or forward between said street (meaning that part of it which is the scene of the nuisance) and the grounds of the company on the East Commons, is also proper, and should be granted.

3. An injunction which embraces these points and granted as prayed for, will not put any restriction upon the company in the use of Thomas street anywhere except between Broad street and Front street, the topography of the bill being confined entirely to that part of Thomas extending from Broad to Front. Nor will it restrict in any degree the use of any part of Thomas street as a link of connection between the railways concerned.

April 26, 1887.

---

*BLANDFORD, J., did not preside in this case, on account of providential cause.

Nuisance. Railroads. *Res Adjudicata.* Damages. Streets. Before Judge WILLIS. Muscogee County. At Chambers, April 2, 1887.

The former decision in this case was made at the last term, and will be found reported on page 271, *ante.*

W. A. LITTLE; W. A. CARTER, for plaintiff in error.

PEABODY, BRANNON & BATTLE, by brief, for defendant.

BLECKLEY, Chief Justice.

Mrs. Kavanagh, by her bill, complained of a certain nuisance affecting her premises on Thomas street in the city of Columbus; and she prayed an injunction in these terms: "The State's writ of injunction commanding and restraining the defendant from in any manner using, operating and placing cars and engines on the additional track, called the side-track or turnout, on Thomas street in the city of Columbus, between Broad and Front, from loading and unloading cars or freights in said Thomas street, and from shifting and transferring freight cars backward or forward between Thomas street and the grounds of said company on the East Commons."

The injunction was denied, and a writ of error was brought to this court, and the judgment reversed on the ground, as stated in the judgment of reversal, that the court erred in not granting the injunction prayed for. Upon the return of the *remittitur* in the cause, application was renewed for the order of injunction, and the judge granted it as to the use of the side-track, but refused to grant it as to the other two points of the prayer—that is, as to the loading or unloading of cars in Thomas street, and the shifting and transferring of freight cars backward or forward between Thomas street and the grounds of the company on the East Commons. A writ of error is now here complaining of the restricted terms and range of the order; and we rule upon the matter as follows:

1. The nuisance complained of being in part the loading and unloading of freight cars in the street from a side-track, to cease doing these acts from the side-track and then do them instead from the main track, would be a virtual continuance of the nuisance; wherefore a prayer in general terms to restrain the loading and unloading of freight cars in the street is a proper prayer, on the allegations in the bill, and, under the former ruling of this court in this same case, should be granted.

2. Another element of the nuisance being that a switching-yard is made of the street, and that engines are constantly passing to and fro carrying cars to the yards of the company on the East Commons, a prayer to restrain the shifting and transferring of freight cars backward or forward between said street (meaning that part of it which is the scene of the nuisance) and the grounds of the company on the East Commons, is also proper, and should be granted.

3. An injunction which embraces these points and granted as prayed for, will not put any restriction upon the company in the use of Thomas street anywhere except between Broad street and Front street, the topography of the bill being confined entirely to that part of Thomas extending from Broad to Front. Nor will it restrict in any degree the use of any part of Thomas street as a link of connection between the railways concerned.

Judgment reversed.