12265.   GILLESPIE *v.* ANDREWS *et al.*

JENKINS, P. J.  1. While the determination of questions of negligence lies peculiarly within the province of the jury, and in the exercise of this function the question as to what constitutes the proximate cause of the injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to; and while it is also true that the mere fact that the injury would not and could not have resulted by reason of the de-

fendant's acts alone will not of itself be taken to limit and define the intervening agency as constituting the proximate cause (*Rollestone* v. *Cassirer*, 3 *Ga. App.* 161, 173, 59 S. E. 442; *Ga. Ry. & Power Co.* v. *Ryan*, 24 *Ga. App.* 288, 100 S. E. 713), yet a demurrer to a petition should be sustained where it appears from the plaintiff's pleading that the negligence charged against the defendant was not the proximate and effective cause of the injury. *Southern Ry. Co.* v. *Barber*, 12 *Ga. App.* 286 (77 S. E. 172). The most generally accepted theory of causation is that of natural and probable consequences (*Mayor &c. of Macon* v. *Dykes*, 103 *Ga.* 847, 848, 31 S. E. 443); and in order to hold the defendant liable, .the petition must show either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrongdoer. *Southern Ry. Co.* v. *Webb*, 116 *Ga.* 152; *Hardwick* v. *Figgers*, 26 *Ga. App.* 494 (106 S. E. 738).

2. The mere fact that the defendant might have allowed his line of telephone wire to touch the limb of a tree cannot be taken to have as a natural and probable consequence that some other person would fell a tree across the properly strung line of electric wires stretched six feet above the telephone wire, so as to bring the two lines in contact, and by such a concurrence of events complete a short circuit, or that such intervening agency could have been reasonably foreseen or anticipated by the defendant.

    *Judgment affirmed. Hill, J., concurs. Stephens, J., dissents.*
              DECIDED OCTOBER 24, 1921.

Action for damages; from city court of Albany — Judge Clayton Jones. February 17, 1921.

*D. H. Redfearn,* for plaintiff.

*Lippitt & Burt,* for defendant.