### 12385.   DIXON *et al. v.* JOHNSON.

JENKINS, P. J.   1. The petition is not defective for the reason assigned,
   that it fails to show that the alleged negligent act of the defendants'
   servant was done within the scope of his duties and employment.   Not
   only would it seem that this necessary element of liability is shown
   by reasonable inference from the allegations made, but it is expressly al-
   leged.
2. Whether the defendants' alleged act of negligence was the proximate
   cause of the injury, as claimed by the plaintiff, or whether the injury
   was caused by the negligence of the plaintiff in failing to observe and
   avoid contact with the alleged obstruction, was properly left for de-
   termination by the jury.
3. The grounds of special demurrer are without merit.
(*a*) The petition alleges that the plaintiff, at the time of his alleged in-
   jury, was driving his car along a public highway.   A traveler, in the
   absence of notice to the contrary, has a right to use it and to assume
   that it is reasonably safe and free from obstructions.   Nothing shown
   in the petition could indicate that the plaintiff was· a trespasser, on
   account of the county authorities having closed the highway pending
   the making of repairs thereon for it by the defendant.   On the con-
   trary, the petition shows that "there was no other barrier or obstruc-
   tion of any kind or character, or anything else, to indicate that said
   public road was closed, or to call attention to the fact that said wire
   was so suspended."
(*b*) The nature and character of the alleged obstruction, as consisting
   of a "small cable wire," which the petition alleged the defendants had
   stretched across the highway, is sufficiently described.   Especially is
   this true since more detailed information as to its character would lie
   more particularly within the knowledge of the defendants, who it is
   alleged had strung it.
4. The court did not err in overruling the demurrer to the petition as
   amended.      *Judgment affirmed.   Stephens and Hill, JJ., concur.*
                  DECIDED NOVEMBER 18, 1921.

Action for . damages; from city court of Savannah — Judge Freeman. March 7, 1921.

From the petition as amended it appears that the defendants, acting under a contract made with the county authorities of Chatham County, were engaged in surfacing. a portion of a public highway known as the Augusta road. For the purpose of closing the highway to traffic the defendants, through one of their servants, moved up a distance of about two miles beyond the point where the work was going on, and stretched a " small cable wire " across the road, at just such a height as would catch the top of an automobile moving along the road at that point. It is alleged that the plaintiff did not know of such obstruction and had no reason to anticipate its presence, and " there was no other barrier or obstruction of any kind or character, or anything else, to indicate that said public road was closed, or to call attention in any way to the fact that said wire was so suspended; " and that, not seeing the wire until to late to avoid it, he ran into it with his car, and thereby received specified injuries.

*Lawrence & Abrahams,* for plaintiffs in error.

*Travis & Travis,* contra.