## 15819.  ROME RAILWAY & LIGHT COMPANY *v.* JONES.

JENKINS, P. J.  1. The ground of demurrer, setting up that the plaintiff is not entitled to recover, by reason of the fact that it appears from the petition that she had accepted compensation from the employer of her deceased husband under the provisions of the workmen's compensation act, is controlled, adversely to the movant, by the decision of this court in *Hotel Equipment Co.* v. *Liddell,* 32 *Ga. App.* 590 (124 S. E. 92 (1 *b*)).

2. While the determination of questions of negligence lies peculiarly within the province of the jury, and in the exercise of this function the question as to what constitutes the proximate cause of the injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to, and while it is also true that the mere fact that the injury would not and could not have resulted by reason of the defendant's acts alone will not of itself be taken to limit and define the intervening agency as con-

stituting the proximate cause (*Rollestone* v. *Cassirer*, 3 *Ga. App.* 161, 173, 59 S. E. 442; *Ga. Ry. & Power Co.* v. *Ryan*, 24 *Ga. App.* 288, 100 S. E. 713), yet a demurrer to a petition should be sustained where it appears from the plaintiff's pleading that the negligence charged against the defendant was not the proximate and effective cause of the injury. *Southern Ry. Co.* v. *Barber*, 12 *Ga. App.* 286 (77 S. E. 172). The most generally accepted theory of causation is that of natural and probable consequences (*Mayor &c. of Macon* v. *Dykes*, 103 *Ga.* 847, 848, 31 S. E. 443); and in order to hold the defendant liable the petition must show either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrongdoer. *Southern Ry. Co.* v. *Webb*, 116 *Ga.* 152; *Hardwick* v. *Figgers*, 26 *Ga. App.* 494 (106 S. E. 738); *Gillespie* v. *Andrews*, 27 *Ga. App.* 509 (1) (108 S. E. 906). The petition in the instant case does not show on its face that the alleged negligence of the defendant did not constitute the proximate cause of the injury; nor is this court able to say as a matter of law that the intervening contributing agency should not have been reasonably anticipated by the defendant as a natural and probable consequence of its own alleged negligence; nor that the deceased might have obviated the consequences of defendant's alleged negligence by the exercise of ordinary care on his part.

3. In accordance with the foregoing rulings, the judge did not err in overruling the demurrer to the plaintiff's petition.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 10, 1925.

Damages; from Floyd superior court—Judge Wright. June 11, 1924.

Rosa H. Jones sued the Rome Railway & Light Company for the homicide of her husband. At the time of the homicide he was working for the Ingalls Iron Works Company, which was engaged as a contractor in erecting a steel building for a third company. A part of this work involved the unloading of some steel or iron beams from railroad-cars in which they had been shipped, placing them on wagons or carts, and hauling them to the place where the building was being erected. The work of unloading was being carried on by using a derrick, with which the iron or steel beams were lifted from the railroad-car and carried over to the wagon or cart. Near the place where this work was being done was a power wire of the Rome Railway & Light Company. As one of these steel beams was being lifted and carried by the derrick, one of the cables carrying the beam was swung around and touched this electric-power wire. It was the duty of the deceased, after this beam was placed on the wagon or cart, to unhook it from this

cable, and while he was doing this the cable swung against this power wire and an electric current was conducted through his body, causing his death. The negligence alleged was that the power wire was defectively and improperly insulated, and furthermore that an ordinance of the City of Rome required that all electric wires be placed not less than 24 feet from the ground and under supervision of the superintendent of public works, and that this ordinance was violated in both particulars. It was alleged that the power wire was of the type known as an insulated wire, and that the appearance of insulation was likely to deceive and did deceive persons into thinking that contact with the wire would not be dangerous, but that the insulation was defective or broken so that it allowed the current to escape from the wire into the cable and kill the plaintiff's husband. The defendant demurred to the petition, and several amendments to it were made. It appears from the petition that the plaintiff had received compensation from the Ingalls Iron Works Company under the workmen's compensation act, and the defendant contended that under the allegations of the petition the iron works company was a joint tort-feasor, and that consequently this compensation barred her from a recovery against the defendant.

*L. A. Dean, Lamar Camp,* for plaintiff in error.

*Willingham, Wright & Covington, Scott, Kemper & Hornbuckle,* contra.