*Quincey & Rice, Rogers & Rogers,* for defendant.

---

## 15902, 15904. HARPER MANUFACTURING CO. *v.* WILLIAM ALSBERG & CO. INC.; and *vice versa.*

STEPHENS, J. 1. This being a suit by the seller against the purchaser to recover an amount alleged as due for goods tendered and refused under a contract of sale, and it appearing from uncontradicted evidence that the time for delivery under the contract of sale had, by mutual agreement between the parties, wherein the purchaser was not defrauded, been postponed to a future date, and that upon the failure of the purchaser to accept delivery upon the deferred delivery date agreed upon. the goods contracted for and not accepted were, after due notice to the purchaser, stored for his benefit, and the correctness of the amount sued for being admitted, a verdict for the plaintiff was properly directed.

2. The purchaser's contention that, when delivery was due to be made under the terms of the contract as originally executed, he was induced to enter into the agreement to postpone the date of delivery upon a false representation by the seller that the latter at the time had the goods in possession and ready for delivery, is not sustained where the agent of the purchaser, who conducted the negotiations, testified that,

at the time he entered into the agreement to postpone the delivery, he had reason to believe that the seller did not have the goods on hand.

3. The evidence of an agent of the purchaser to the effect that, after the litigation had begun, he visited the place of business of the seller, where it was claimed by the seller that the goods in controversy were being kept in storage for the purchaser's benefit, and, upon witness' request to be allowed to inspect the goods, the agent of the seller gave directions to a subordinate to "have these goods fixed up because (witness) is here to look at them," and kept witness waiting about an hour before permitting him to see the goods, and that the goods were in bins with fresh paper on them without any dust thereon, although there was dust on everything else nearby, is insufficient to authorize an inference that the seller had not, before the time of the visit of the witness to the seller's place of business, placed the goods in storage.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 2, 1925.

Complaint; from city court of Floyd county—Judge Bale. August 25, 1924.

*Maddox, Matthews & Owens,* for Harper Co.

*Willingham, Wright & Covington,* contra.