25542. LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al v.* ELLIS *et al.*

DECIDED OCTOBER 19, 1936. REHEARING DENIED DECEMBER 5, 1936.

*Hines & Carpenter, Jones, Johnston, Russell & Sparks, Cumming, Harper & Nixon,* for plaintiff in error.

*Sibley & Allen,* contra.

SUTTON, J. Mrs. Pauline Godwin Ellis brought suit against the Louisville and Nashville Railroad Company and the Atlantic Coast Line Railroad Company, joint lessees of the Georgia Railroad and Banking Company, operating under the name of the Georgia Railroad, the Milledgeville Railway Company, and the Atlantic Ice and Coal Company, for damages on account of personal injuries sustained by her. In her petition she made substantially this case: plaintiff, operating her automobile, was approaching from the west along a public street in the City of Milledgeville, toward a point in such street where it was intersected by the tracks of the railroad companies and another public street in said city which ran north and south, said railroad tracks being

located in the center of the intersecting street. A train of the defendants' railroads, composed of an engine and box-cars, was switching on the tracks, and had come to a stop on the south side of the crossing, even with the curbing on the street along which the plaintiff was approaching, thereby obstructing her view of any traffic approaching from the south along said intersecting street. Observing this train, she brought her automobile to a stop, and thereupon a trainman notified and signaled her to proceed on her way across the intersection. Relying on this signal, she proceeded slowly on her way, and, arriving at a point just beyond the end of the train, a large motor-truck operated by a servant of the Atlantic Ice and Coal Company, in the course of its business, going in a northerly direction and approaching the crossing from the south on the side of said train opposite from plaintiff, and traveling at a fast and reckless speed in violation of an ordinance of the city, ran into the automobile of plaintiff, and she was injured. She charged that the railroad companies were negligent in so placing said train as to obstruct her vision of traffic approaching from the south on said intersecting street, and in said trainman signaling and motioning to her to proceed across said intersection and on her way, at a time when said truck of the ice company was approaching from the south at a fast and reckless speed. She charged that the ice company was negligent because of the acts of its servant in operating said truck at a speed in violation of the city ordinance, in approaching the crossing, where the train had plaintiff's view obscured, at a fast and reckless speed, and in failing to blow his horn or give some warning of the approaching truck; and that all of the defendants were negligent in creating a dangerous place and locality at said crossing. The railroad companies demurred generally on the grounds that no cause of action was alleged against them, that the petition showed that plaintiff's injury was caused by the ice company, and that the railroad companies had nothing to do with the same. The judge overruled the demurrer, and these defendants excepted.

■ The rights of a railroad to lay tracks in a public street and to use them are mutual with the general public, and as a general rule the right to use the street is on terms equal with, and subject to, the general public's rights to occupy and use the same; and the rights of each therein must be exercised with due regard to the

rights and nature of the use of the other. · 51 C. J. 596, § 264. In accordance with the rules as to mutual rights, the right of a railroad company to occupy and use a public street must be exercised in such manner as not unnecessarily or materially to obstruct or interfere with the rights of the general public therein, and provision for the protection of the general public, where necessary, should be made. *Atlantic & Birmingham Ry. Co.* v. *Montezuma,* 122 *Ga.* 1 (49 S. E. 738)·; 51 C. J. 598, § 265. While a railroad is entitled to a reasonable use of streets where essential to the operation of its trains, such right must be exercised with due regard to the rights and conveniences of the general public. *A. & B. Ry. Co.* v. *Montezuma,* supra; 5 A. L. R. 1648; 51 C. J. 1059, § 1056. Under the rules applicable in case of travel generally, one whose negligent or unlawful act causes a defect or obstruction in the highway or street is liable for an injury to a motor vehicle or its occupants occasioned thereby. *Dixon* v. *Johnson,* 27 *Ga. App.* 699 (109 S. E. 519) ; *Great Cosmopolitan Shows* v. *Petty,* 7 *Ga. App.* 236 (66 S. E. 624).

■ A defendant may be held liable where it appears that his negligence was the sole cause of the injury complained of, or that his negligence put in operation other causal forces which were the direct, natural, and probable consequences of the defendant's original act, or that the intervening agency could reasonably have been foreseen by the defendant as original wrong-doer. *Georgia Power Co.* v. *Kinard,* 47 *Ga. App.* 483 (170 S. E. 688). Where two concurrent causes naturally operate in causing an injury, there may be a recovery against both or either of the actors, even though the care owed by them to the injured person be different. *McGinnis* v. *Shaw,* 46 *Ga. App.* 248 (167 S. E. 533). Where a wrongful act puts other forces in operation, resulting in injury to another, which the jury may be authorized to find were the direct, natural, and probable consequences of the original act or acts, the wrong-doer can be held liable; but where the resultant injuries could not reasonably be foreseen as the natural, reasonable, and probable consequences, there can be no recovery. *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (106 S. E. ·738). It is to be remembered that all persons are presumed by the law to anticipate or foresee the reasonable and natural consequences of their conduct. *Terrell* v. *Giddings,* 28 *Ga. App.* 697 (112 S. E. 914). In a negligence case

the mere fact that the injury would not and could not have resulted by reason of the defendant's acts alone will not of itself be taken to limit and define an intervening agency as constituting the proximate cause. *Gillespie* v. *Andrews, 27 Ga. App.* 509 (108 S. E. 906); *Spires* v. *Goldberg, 26 Ga. App.* 530 (106 S. E. 585). It would seem that where a railroad has created a dangerous situation at a street and railroad crossing, and the jury could reasonably find that the same was the proximate cause or one of the proximate causes (*Shermer* v. *Crowe, 53 Ga. App.* 418 (186 S. E. 224) of the plaintiff's injury, there would be a case of liability alleged against such railroad. See *Central of Ga. Ry. Co.* v. *Reid, 23 Ga. App.* 694 (99 S. E. 235); *Bonner* v. *Standard Oil Co.; 22 Ga. App.* 532 (96 S. E. 573); *Georgia Railway & Power Co.* v. *Ryan, 24 Ga. App.* 288 (100 S. E. 713).

■ Even though the act of the trainman in beckoning and signaling to plaintiff to proceed can be said to have been without the expressed or implied assent of the railroads, and they had limited his duties to attending to the train, and at crossings his duty did not extend beyond seeing that his train does not injure any one at the crossing, the railroad companies would be responsible for the wrongful act of the trainman, if committed in the prosecution of his business with the railroads, and if as a result thereof the plaintiff was injured. Code, § 105-108; *Planters Cotton-Oil Co.* v. *Baker,* 181 *Ga.* 161 (181 S. E. 671).

Applying these principles to the facts appearing in the petition and admitted on general demurrer, a cause of action against the railroad companies was alleged. Without the act of the trainman in beckoning to the plaintiff to proceed across the intersection, after she had come to a stop on seeing the train at the crossing, the collision between plaintiff's car and the truck of the Atlantic Ice and Coal Company would not have occurred. It is true that had not said truck been approaching the intersection from the south at a speed in violation of the law the plaintiff could have proceeded safely across the intersection; but it is to be remembered that this truck was on the side of the train of box-cars opposite to the plaintiff; and it is likewise true that she relied on the trainman's motion and signal to proceed forward. While a trainman is not a traffic officer, and ordinarily the extent of his duty does not include the regulation of traffic at street and railroad crossings, other than

the movement of the train on which he is working, still, where his train blocks the vision of a motorist or other traveler approaching a crossing, and upon such person coming to a stop the trainman motions and beckons her to proceed forward, a jury might easily find that such trainman did see, or could have and ought to have seen, a truck approaching on the blind side of the crossing to the traveler to whom he was motioning to proceed forward, which blind condition was caused by his train obstructing the vision of such person at the crossing. In these circumstances the petition makes a case for submission to a jury. It does not appear from the allegations that the acts of the railroad companies did not constitute the probable cause of plaintiff's alleged injury; neither does it appear that the plaintiff was injured as a result of her failure to exercise due care and caution for her own safety. The present case is not like those where it appeared that the plaintiff heedlessly and blindly rushed into an unknown and dangerous situation, and thereby proceeded at the plaintiff's peril. A jury could find that this plaintiff exercised due care for her own safety when she brought her automobile to a stop on observing the train at the crossing, and that she would not have proceeded forward at the time except for the motions and beckonings by the trainman to come forward, which she naturally supposed meant that the way was clear both of the train and of any danger on the other side thereof where her vision was obstructed by such train. The judge properly overruled the demurrer of the railroad companies.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*