28586.  WILSON *v.* RAY.

Decided March 21, 1941.

Randall Evans Jr., Jack D. Evans, James R. Evans, for plaintiff in error.

Stevens & Stevens, contra.

MacIntyre, J. ■ Mrs. Evans Ray obtained a verdict for $400 damages against Miss Clara Wilson. The defendant excepted to the overruling of her demurrers to the petition, to the refusal of the court to allow an amendment to her answer, and to the overruling of her motion for new trial.

The petition alleged in effect that on June 6, 1939, the plaintiff and three children were seated in an automobile, parked on Railroad Street in the City of Thomson, on the north side of said street, facing west and in a space reserved for parking. Railroad Street is composed of two one-way streets, by a dividing curb down the middle of said street. Traffic going east travels on the south side of said street, and traffic going west travels on the north side. At street intersections the center curb is omitted in order to allow traffic to travel from north to south and vice versa. Central Avenue, which runs north and south, intersects Railroad Street east of the point where the plaintiff was seated in the parked automobile. William Pilgrim was driving west on Railroad Street (on the north side) in an automobile belonging to one E. C. Poss. The defendant was driving a Buick automobile east on Railroad Street, and attempted to turn left at the intersection of Central Avenue and Railroad Street (in order to proceed north on Central Avenue)

without first looking and ascertaining the approach of the automobile driven by Pilgrim, and without having her automobile under such control that she could stop upon seeing the approach of Pilgrim, and upon crossing the north side of Railroad Street at said intersection her automobile ran into the automobile of E. C. Poss, thus swerving her automobile on to and upon the sidewalk on the north side of Railroad Street. The defendant's car then continued westerly down the sidewalk, knocking down Mrs. Kate Jones, and striking the automobile in which the plaintiff and the three children were seated. The petition further alleged that from the time the defendant's automobile approached the intersection of Railroad Street and Central Avenue until it struck the automobile in which the plaintiff and the three children were seated it was driven by the defendant recklessly, wantonly, and negligently, and without regard to the rights of persons or property; that the impact of the collision threw the plaintiff against the windshield, knocking her unconscious and inflicting certain described injures; that after the defendant's automobile struck the automobile in which the plaintiff was seated, the front of the defendant's automobile hung up with the back of the car in which the plaintiff was seated; that the defendant had "her foot pressed down on the gas feed as far down to the bottom as her foot would go," and thus the car was running as fast as possible, and under these conditions the defendant's car pushed the car in which the plaintiff was seated up the street many yards until one Mr. Lunsford jumped on the running board of the defendant's car and cut off the ignition. The petition further alleged that the defendant was negligent in certain described particulars and "that as a direct result of the aforesaid negligence of Clara Wilson, as aforesaid, your petitioner suffered" certain injuries and has been damaged in the sum of $5000.

The defendant contends in her brief that the demurrers should have been sustained, because the petition does not set out a cause of action against her, as it shows on its face that the defendant was not the sole cause of the injury, and "it shows also on its face the absence of an allegation that the intervening agency could have been reasonably anticipated or foreseen by the defendant, if she had been the original wrong-doer." To sustain her contention she cites *Gillespie* v. *Andrews*, 27 *Ga. App.* 509 (108 S. E. 906), which in effect holds that a demurrer will be sustained where it does not ap-

pear that the defendant's negligence was the proximate and effective cause of the injury, and in order to hold the defendant liable his negligence must be the sole cause of the injury, or put in operation another cause which was the sole cause, or that the intervening cause could have been reasonably foreseen. What we hold is not in conflict with this ruling. Questions of diligence and negligence, including contributory negligence, are peculiarly questions for a jury, and the courts will decline to solve them on demurrer unless the facts are plain and indisputable. In other words, "It is only where it clearly appears from the petition that the negligence charged against the defendant was not the proximate and effective cause of the injury that the court may upon general demurrer, as a matter of law, so determine." *Larkin* v. *Andrews, 27 Ga. App.* 685 (109 S. E. 518). Assume under the facts alleged that Pilgrim was likewise negligent in the collision of the defendant with Pilgrim, still the plaintiff could sue *either* or *both* parties responsible for the concurrent causes, and it would be a question for the jury to determine whether the defendant's negligence, if any, or Pilgrim's negligence, if any, was the proximate cause of the injury to the plaintiff. *Bonner* v. *Standard Oil Co., 22 Ga. App.* 532, 535 (96 S. E. 573), and cit. Here the plaintiff elected to sue only one. The original wrong (the wreck of the defendant with Pilgrim) was, according to the allegations in the petition, caused by the alleged negligence of the defendant, and there was no subsequent intervening cause alleged which might be concluded to be the proximate cause of the injury. The petition does not disclose clearly and distinctly that the negligence charged against the defendant was not the proximate and effective cause of the injury, and we can not say, upon general demurrer, as a matter of law, that it was not. See *Watkins* v. *Jacobs' Pharmacy Co., 48 Ga. App.* 39, 41 (171 S. E. 830). Even where the concurrent negligence of the operators of the two automobiles combining together directly results in an injury, the injured person can sue one alone or he can sue both. He can pick out whomever he pleases to sue who is liable for the accident. He has his choice. Each operator becomes liable for the whole, even though one may have contributed in a greater degree to the injury, exactly as if he were solely responsible. For the proximate cause of such injury they are jointly and severally liable. The judge properly overruled the demurrers to the petition.

■ The defendant contends that the judge committed reversible error in refusing to allow the following amendment to her answer: "That said William Pilgrim is a careless, reckless driver, and given to driving under influence of liquor and having wrecks." She cites in support of her contention the Code, § 81-1301, providing: "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." It appears from the record that the case was returnable to the September term, 1939, of the superior court of McDuffie County. The defendant answered in the September term. The amendment of the defendant, by itself, was offered at the December term, 1939, of said court. For some undisclosed reason the court disallowed the amendment. Code, § 81-305, provides: "In all cases where the defendant has been served with petition and process [as was here done], he shall appear at the court to which such process is made returnable, and make his defense in writing, signed by himself or counsel, in which he shall plainly, fully, and distinctly set forth his defense. Such plea or answer may contain as many several matters as the defendant may think necessary for his defense." This section was complied with at the September term, 1939. The broad language of § 81-1301, relied on by the defendant, with regard to the allowance of amendments to *all* parties as a matter of right at any stage of the proceedings, is limited by one other expressed provision specifically directed against the defendant. It is provided that the defendant, after the time allowed for answer shall have expired, can not set up new matter by way of amendment except as provided in Code, § 81-1310. That section provides: "The defendant, after the time allowed for answer shall have expired [September term, 1939, in this case], shall not in any case by amendment set up any new facts or defense of which notice was not given by the original plea or answer, unless at the time of filing such amended plea or answer containing the new matter [which was offered here at the December term, 1939] he shall attach an affidavit that at the time of filing the original plea or answer he did not omit the new facts or defense set out in the amended plea or answer for the purpose of delay, and that the amendment is not offered for delay, or unless in the discretion of

the court the circumstances of the case or substantial justice between the parties require that such amendment shall be allowed without attaching such affidavit."

It therefore affirmatively appears from the record that the time allowed for answer had expired at the time the amendment was offered by the defendant, and no affidavit was attached to such amendment as required by said statute. "It is in the discretion of the court to allow a plea to be amended without the affidavit required by the Civil Code of 1910, § 5640 [1933, § 81-1310], that the facts contained in the amendment were not omitted for the purpose of delay." *Roberson* v. *Weaver,* 145 *Ga.* 626 (2) (89 S. E. 769). Yet where the record does not disclose the reason why the amendment was otherwise disallowed, "even if the amendment were otherwise good, there was no abuse of discretion in disallowing it, in the absence of an affidavit as provided for by the Code section above cited." *Benson* v. *Marietta Fertilizer Co.,* 139 *Ga.* 691 (77 S. E. 1125); *Campbell* v. *Gormley,* 184 *Ga.* 647, 650 (192 S. E. 430). The amendment, we think, sought to set up new facts of which no notice had been given the plaintiff by the original answer (that is, that William Pilgrim was a careless, reckless driver and given to driving while under the influence of liquor, and having wrecks), and in the absence of the accompanying affidavit and since it is the duty of the plaintiff in error (the defendant) to show error, a judgment of disallowance for an undisclosed reason will be affirmed, for this court will assume that the judge properly refused the allowance for any good reason. *Campbell* v. *Gormley,* supra. The judge did not err in refusing to allow the amendment to the answer for any reason assigned.

■ The judge charged the jury as follows: "The defendant, Miss Wilson, has come into court and filed an answer to plaintiff's petition, in which she admits certain allegations thereof, and in which she denies certain allegations thereof, and she contends that she is not liable in any sum to Mrs. Ray. She contends that she was not negligent as alleged by Mrs. Ray, and that if Mrs. Ray sustained any injuries it was not occasioned by any negligence on her part, but was occasioned by the negligent operation of a truck driven by Mr. William Pilgrim." The defendant contends in her brief that this excerpt from the charge was erroneous, because the defendant did not make any such contention that "if the plaintiff

was injured I didn't do it," but the contention of the defendant was that she was not responsible for the collision of her car with plaintiff's car, and that the plaintiff was not injured. The general rule is that the issues and the charge in a civil case should be confined to the issues made by the pleadings and the evidence. However there are exceptions to this general rule. See, in this connection, *Crosman* v. *Bruce,* 48 *Ga. App.* 294 (172 S. E. 649) ; *Willis* v. *Seiberling Rubber Co.,* 44 *Ga. App.* 468 (7) (161 S. E. 789) ; *Mathews* v. *Seaboard Air-Line Ry.,* 17 *Ga. App.* 664 (87 S. E. 1097). This court has held in effect that contentions of a party to a cause are not always contained in the pleadings, but may be found in the evidence only, and where the court charges a contention made by the evidence but not by the pleadings the charge is not subject to the exception that it misstated the contention of a party. *Waynesboro Planing-Mill* v. *Perkins Manufacturing Co.,* 35 *Ga. App.* 767 (3) (134 S. E. 831) ; *Stansfield* v. *Gardner,* 56 *Ga. App.* 634 (9), 647 (193 S. E. 375) ; *Georgia Ry. & Power Co.* v. *Belote,* 20 *Ga. App.* 454, 457 (93 S. E. 62) ; *Gainesville & Northwestern Ry. Co.* v. *Galloway,* 17 *Ga. App.* 702 (87 S. E. 1093) ; *Southern Ry. Co.* v. *Parham,* 10 *Ga. App.* 531 (73 S. E. 763). Taking the evidence of the defendant in this case as a whole, this charge was authorized under the rule stated and no reversible error is disclosed.

■ Special ground 2 is controlled adversely to the defendant by the ruling in the preceding paragraph.

■ The judge charged the jury as follows: "[Now, another contention of the defendant in this case is that when this car in which she was riding was struck by the truck in which William Pilgrim was riding, that she was thrown against some part of her car and that she suffered a loss of her mentality.] (Brackets ours.) I charge you if that was caused by the negligence of William Pilgrim and that condition arose from his negligence, and that she lost consciousness at the time, due to no negligence on her part, and that this injury to Mrs. Ray was caused by Miss Wilson's car, that Miss Wilson would not be liable." The defendant contends that the portion of the excerpt in brackets was erroneous, because she contends that her mind and body were both rendered useless by the collision with Pilgrim, whereas this charge, by using the word "mentality," told the jury that the defendant was contending that

only her mind was rendered useless, and that this was a harmful misstatement of her contention and constituted reversible error. Webster's International Dictionary (2d ed.) defines "mentality" as "mental power" or "state of mind," and defines "unconscious" as "not possessed of mind." Therefore, under the charge the judge, in using the phrase "loss of her mentality," meant thereby "loss of her state of mind," which we think was synonymous with "not possessed of mind," which was the contention of the defendant. "'Mental,' as used to describe the condition of a person [is] a word which refers to his senses, perceptions, consciousness." 40 C. J. 633. Loss of mentality as used here referred to the alleged unconsciousness of the defendant. Both of the phrases, "loss of consciousness" and "unconscious" (loss of consciousness), under the circumstances as here used, were understood by the jury to mean the true alleged condition of the defendant, for the short time after she was struck, which would relieve her of responsibility. Loss of mentality as here used should not be understood to mean that the blow caused the condition of the defendant to be such as to make her a fit subject for the insane asylum, or that she became what is known in common parlance as insane, but the phrase merely meant that her condition, for the short time in question, was that she did not know what she was doing. Indeed the answer itself alleges that the blow received by the defendant rendered her unconscious for some time, and that it was not until after the collision with the plaintiff's car "that she knew anything and was conscious again." This ground is not meritorious.

■ Grounds 3 and 4 complain that the whole excerpt quoted in the preceding division of the opinion was erroneous, in that by the use of the words "now, another contention" led the jury to believe that the defendant was making this particular contention separately and apart from her main defense, that the charge was harmful error because the court failed to submit this material and controlling issue at the same time the other material contentions of the defendant were being given to the jury, that this was an erroneous statement of the law of Georgia, and that the correct rule is that the defendant must be *less* negligent than the other party, and, is not required under the law to be absolutely free from any fault or negligence in order not to be held liable. In support of these contentions she cites *Smith* v. *State*, 109 *Ga.* 479 (3), 484 (35 S. E.

59), and *Georgia Railway & Power Co.* v. *Bryans,* 35 *Ga. App.* 713 (134 S E. 787).

The judge had previously charged the jury generally that the plaintiff could not recover if they believed the plaintiff's injuries, if any, were occasioned by the negligence of Pilgrim, that is, if they believed that the negligence of Pilgrim, if any, was the proximate cause of the injury. The excerpt complained of was, we think, in effect repeating and elaborating the contention of the defendant that the negligence of Pilgrim was the proximate cause of the injury, and if error was committed it was in favor of the defendant, for the judge was unnecessarily again calling attention to this contention of the defendant, and the excerpt was, if anything, harmful to the plaintiff. See *Chattahoochee Valley Ry. Co.* v. *Bass,* 9 *Ga. App.* 83 (11), 84 (70 S. E. 683). The instant case is distinguishable from *Smith* v. *State,* supra, relied on by the defendant. In that case the *sole* defense was entirely omitted from the judge's charge until he was just about to conclude it, and reversible error was clearly apparent where he merely casually called attention to this sole defense instead of calling the jury's attention thereto with force equal to that used in stating the contention of the State. In the instant case the judge had already charged this particular contention of the defendant, along with the contentions of both the plaintiff and the defendant, and was subsequently, in effect, repeating and elaborating on this contention and no harmful error to the defendant is apparent.

With reference to the contention that the excerpt is an incorrect statement of the law of Georgia, the defendant evidently had in mind the rule of comparative negligence wherein both the *defendant* and the *plaintiff* are negligent, and in order for the plaintiff to recover he must be *less* negligent than the defendant. Here the judge was charging the law of proximate cause, and was telling the jury that if they believed the defendant's unconsciousness was caused by the negligence of Pilgrim and not by the defendant's negligence, and that this caused the injury complained of, the defendant would not be liable. This we think was a correct statement of the law as applied to the facts, and is consistent with the rule in *Georgia Railway & Power Co.* v. *Bryans,* supra.

■ Ground 6 contends that the judge erred in failing to charge the contention as set out in paragraph 10 of the defendant's an-

swer. This contention was in effect covered by the general charge, and if a more specific instruction in the language of this paragraph was desired an appropriate request should have been made. This ground is not meritorious.

■ Ground 7 is but an elaboration of the general grounds, and in this connection it appears from the evidence that the jury were authorized to say that the collision between the defendant and Pilgrim was caused by the negligence of the defendant, that the plaintiff sustained certain injuries, and that the proximate cause of these injuries was the negligence of the defendant. The issues were fairly submitted to the jury under the law applicable, and no reversible error appears.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*