34693. REID *v.* MODERN ROOFING & METAL WORKS, INC.

Decided December 2, 1953.

*H. A. Woodward,* for plaintiff in error.
*Claud R. Caldwell,* contra.

SUTTON, C. J. ■ The plaintiff in error contends that his demurrer should have been sustained because the petition shows on its face "that the damage to the plaintiff's car was the result of a negligent act of a third party, which negligent act intervened between the negligence of the defendant and the injury and was in fact the proximate cause of the injury." We do not agree that the petition shows this to be the case. Where a defendant's negligence sets in operation other causal forces which are the direct, natural, and probable consequences of that negligence, he may be held liable for injuries caused by the other

forces; and where two concurrent causes naturally operate in causing an injury, there may be a recovery against both or either of the actors, even though the degree of care owed by them to the injured person be different. *Louisville & N. R. Co.* v. *Ellis*, 54 *Ga. App.* 783, 785 (2) (189 S. E. 559), and cases cited. Except in clear and indisputable cases, questions of negligence, proximate cause, intervening effective causes, etc., are questions for a jury and are not to be resolved on demurrer. *Wilson* v. *Ray*, 64 *Ga. App.* 540, 543 (13 S. E. 2d 848). This is not such a clear and indisputable case. Under the pleadings, depending on the evidence, a jury may have been authorized to find that both defendants were negligent and that their negligence combined naturally and causally to produce the plaintiff's injuries, or that the negligence attributable to Reid alone was the proximate cause of such injuries.

■ We are of the opinion that the evidence authorized the finding that the negligence of the driver of the defendant Reid's taxicab was the proximate cause of the damage to the plaintiff's automobile. John Locker, who was driving the plaintiff's automobile, testified: "I am employed by the Modern Roofing & Metal Works, Inc. I was driving a Buick automobile belonging to my employers on the Milledgeville Road on August 4, 1950, at about 10 p.m., traveling east toward Augusta, Georgia. The car just ahead of me going east belonged to Mrs. Elizabeth R. Hill, and the car to the rear of me going east belonged to Paul Hammond Anderson. The lady in the car in front of me gave a hand signal indicating that she intended to turn her car to the left to cross the Milledgeville Road. I slowed down and held out my hand. Mrs. Hill was about sixty feet in front of me. She had already begun turning left when the taxicab of the defendant Reid passed me going very fast, and when the lady turned her car to the left, the taxicab ran into her car. The taxicab went off the road onto the shoulder of the road as it struck the car driven by the lady. The taxicab's right front fender struck the left front fender of the lady's car. The impact sent her car down the road about 100 feet. As soon as I saw that there would be a collision, I stopped my car. The car in my rear belonging to Paul Hammond Anderson plunged into the rear of my car, and that is how my car was damaged. . . I

don't know what distance there was between my car and the car driven by the lady—maybe 50 or 60 feet. There was ample space between my car and the lady's car for me to stop my car without running into the wreck just ahead of me, and I did stop my car before reaching the place where the two cars had collided. My attention was first attracted to the danger ahead of me when the taxicab passed me going very fast. I had begun to apply my brakes before he hit Mrs. Hill's car. . . I had ample time to stop my car before reaching the place of accident. My car was hit in the back by the car in the rear of my car. Paul Hammond Anderson was driving that car. He said that he could not stop his car in time. My car is equipped with those red stop lights on the rear of it. They come on and flare up with a bright red light when the brakes are applied. They were in good order."

Paul Hammond Anderson, one of the defendants, testified: "I was coming from Atlanta to Augusta on Highway 78, and was five or six miles from Augusta when this accident occurred. When the accident occurred, I was driving immediately to the rear of the plaintiff's car. I had been following the plaintiff's car since we left the gate at Camp Gordon. There were several cars in front of it. Just before the accident, the taxicab of the defendant, Reid, swung in between the plaintiff's car and my car. Because of the position of the taxicab, I could not see Mrs. Hill and the plaintiff's car slowing down until the driver of the taxi suddenly swung left, passed the plaintiff's car, and crashed into the side of Mrs. Hill's car. The car in front of me stopped and I ran my car into the rear of his car. The driver of the taxicab did not hit either my car or the car belonging to the plaintiff. I cannot say how fast I was traveling, but I would say as an estimate that I was going about 40 miles per hour. I applied my brakes but I could not stop in time before running into the rear of the plaintiff's car. I hit the plaintiff's car because I could not stop in time to avoid it. There was a proper space between my car and the plaintiff's car. I admit I lost my sense of distance. If the plaintiff had stopped his automobile for any other reason than the accident in front of him, I suppose I would have hit the plaintiff's car anyway. When Mrs. Hill held out her hand as a signal to turn left, I did not apply my

brakes suddenly, but applied them off and on to break the speed as quickly as possible."

Thomas Murray, who was driving the defendant Reid's taxicab, testified: "I was employed at the time of the accident by Charlie Reid to drive one of his taxicabs. I had carried a fare out on Milledgeville Road, and was returning to Augusta, traveling east on Milledgeville Road at a speed between 45 and 50 miles per hour. I passed two cars ahead of my car, and I turned back in the right traffic lane behind the car driven by Mrs. Hill. I blew my horn and blinked my lights as a signal to her of my intention to pass her car, and as I got even with the back fender of her car, she turned to the left, crossing directly in front of my car, and as she did, I hit her car. When I saw that she was going to turn left, I turned my car to the left in an effort to miss hitting her car. I could not miss it because she turned directly in front of my car. I ran off the shoulder of the road trying to miss it. After the wreck, my car was tilted over because it was down on the shoulder of the road. I was driving my car between 45 and 50 miles per hour at the time of the accident. If Mrs. Hill gave a hand signal to turn to the left, I did not see it. My right front fender hit her left front fender. I did not hit her car solidly in the middle. It was about the middle of her front fender. I did not knock her car down the road as far as 130 feet. Her car was knocked back on the road facing east. When I left the place of accident to telephone the office of the cab company, Mrs. Hill's car was farther down the road than it was when I left. Somebody must have pushed it. I cannot swear that it was pushed. All I can say is that it was not in the same place as it was before I used the telephone. I was not drinking."

"A defendant may be held liable where it appears that his negligence was the sole cause of the injury complained of, or that his negligence put in operation other causal forces which were the direct, natural, and probable consequences of the defendant's original act, or that the intervening agency could reasonably have been foreseen by the defendant as original wrong-doer." *Louisville & N. R. Co.* v. *Ellis,* 54 *Ga. App.* 783, 785 (2), supra. Ordinarily, the proximate cause of an injury is a question for the jury. "The most generally accepted theory of causation is that of natural and probable consequences (*Mayor &c. of Macon*

v. *Dykes*, 103 *Ga.* 847, 848, 31 S. E. 443); and in order to hold the defendant liable the petition must show either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrong-doer." *Rome Railway &c. Co.* v. *Jones*, 33 *Ga. App.* 617 (127 S. E. 786); *Powell* v. *Waters*, 55 *Ga. App.* 307 (1a) (190 S. E. 615).

Applying these principles of law to the facts of this case, we are of the opinion, and so hold, that the judge trying the case without the intervention of a jury was authorized to find in favor of the plaintiff against the defendant Reid.

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur. Felton and Quillian, JJ., dissent.*

FELTON and QUILLIAN, JJ., dissenting. We concur in division one of the majority opinion concerning the ruling on the pleading. However, we feel that an entirely different picture is presented by the evidence adduced at the trial from the one presented by the pleading. We think that the evidence shows that the defendant Anderson's negligence was an intervening effective cause which proximately caused the plaintiff's injuries. *Anderson's testimony shows that he knew Mrs. Hill had signaled for a left turn; that he maintained "proper space" between his automobile and that of the plaintiff; that he lost his sense of distance; that he would have hit the plaintiff's automobile regardless of for what reason the plaintiff stopped.* The plaintiff testified that he gave a proper hand signal to show that he was stopping, and this is not disputed. If Anderson did maintain "proper" distance between his automobile and that of the plaintiff, then any sudden stopping by Locker, the plaintiff, if in fact he did stop suddenly, did not cause the defendant Anderson to strike the rear of the plaintiff's automobile due to his not maintaining a proper distance between his and the plaintiff's automobile. Thus it is proper to conclude that Anderson struck the plaintiff's automobile for some other reason or act of negligence. Anderson testified that he did not suddenly apply his brakes, but applied them off and on "to break the speed as quickly as possible." Conceding that Reid's employee might have reasonably foreseen

that a third person might be negligently following the plaintiff's automobile at such a close distance that such third person could not possibly avoid striking the plaintiff if the plaintiff suddenly stopped to avoid striking a wreckage caused by the negligence of Reid's employee—we do not think that Reid's employee could have reasonably anticipated that the third party would strike the plaintiff's automobile because he did not properly apply his brakes, or did not use proper judgment in determining the quickest way to stop, or because of any other reason than traveling too closely behind the plaintiff's automobile. See *Powell* v. *Waters,* 55 *Ga. App.* 307 (1a) (190 S. E. 615); *Seymour* v. *City of Elberton,* 67 *Ga. App.* 426, 431-434 (20 S. E. 2d 767); Restatement of the Law, Torts, Vol. II, 1188, § 442 (b), (c).

Under our view of the case, the negligence of Reid's employee proximately caused only the collision between the automobile he was operating and that of Mrs. Hill, and after that collision occurred and the plaintiff came to a stop without striking the wreckage and without any damage to himself, the employee's negligence ceased to be operative and Anderson collided with the rear of the plaintiff's automobile due to his own negligence totally unconnected with the negligence of Reid's employee. Under Anderson's own testimony, he had sufficient time and space in which, under the exercise of ordinary care, to come to a stop and avoid striking the plaintiff's automobile after the conduct of the other actors had come to a complete standstill.

"If, in a given case, the injury complained of did not flow naturally and directly from the wrongful act or omission attributed to the defendant, or could not reasonably have been expected to result therefrom, or would not have resulted therefrom but for the interposition of some independent, unforeseen cause, the defendant's such antecedent wrongful act or omission would not be the proximate cause of the injury complained of." *Cain* v. *State,* 55 *Ga. App.* 376, 381 (190 S. E. 371); *Andrews & Co.* v. *Kinsel,* 114 *Ga.* 390, 391 (2) (40 S. E. 300).

The evidence demanded a finding that the defendant Anderson's intervening negligence was the sole proximate cause of the plaintiff's injuries.