42580. RILLER v. HANGER CAB COMPANY, INC.

ARGUED FEBRUARY 6, 1967—DECIDED FEBRUARY 17, 1967.

Neil L. Heimanson, for appellant.

Peek, Whaley & Blackburn, J. Corbett Peek, Jr., for appellee.

FELTON, Chief Judge. ■ Where the trial court enters an order sustaining a general demurrer and granting the plaintiff 30 days within which to amend and dismissing the petition in default of plaintiff's amendment, and plaintiff does not amend, the plaintiff has 30 days from the expiration of the period granted for amendment to present a notice of appeal. *Rochester Capital Leasing Corp. v. Christian*, 109 Ga. App. 818 (1) (137 SE2d 518). The motion to dismiss the appeal is denied.

■ "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrongdoer, the causal connection is not broken, and the original wrongdoer is responsible for all of the consequences resulting from the intervening act." *Southern R. Co. v. Webb*, 116 Ga. 152 (1) (42 SE 395, 59 LRA 109); *Blakely v. Johnson*, 220 Ga.

572, 574 (140 SE2d 857). The fact that it is alleged that the defendant's driver was able to avoid hitting the Falcon ahead of him in spite of his alleged negligence in speeding and following too closely on a wet street, etc., does not negative the possibility that his negligence might have been at least a concurrent proximate cause of the collision. Although the driver of the Thunderbird following the taxicab may have been negligent in failing to avoid the consequences of the defendant's negligence after the danger was discoverable in the exercise of ordinary care (*Martin v. Waltman*, 82 Ga. App. 375, 383 (61 SE2d 214)), it can not be said as a matter of law that such intervening negligence could not have been reasonably anticipated, apprehended, or foreseen by the defendant's driver. "One who himself violates a statute cannot rely upon the presumption that others in like position will not disobey the law." *Ga. Power Co. v. Blum*, 80 Ga. App. 618 (3 b) (57 SE2d 18); *Pfeifer v. Yellow Cab Co.*, 88 Ga. App. 221, 225 (76 SE2d 225) and cit. The defendant driver was charged with the knowledge that a vehicle was following him and that the stopping distance on the wet street at the alleged unlawful speed was greater than on a dry street at a lawful speed.

"A carrier of passengers must exercise *extraordinary* diligence to protect the lives and persons of his passengers." (Emphasis supplied.) *Code* § 18-204. "When a passenger is injured, a legal presumption that the carrier failed to exercise extraordinary care arises in his favor. The carrier can, of course, rebut this presumption by making it appear that extraordinary care and diligence were exercised. *This is a jury question. Ga. R. &c. Co. v. Murphy*, 28 Ga. App. 173 (110 SE 680). See also, in this connection, *East Tennessee &c. R. Co. v. Miller*, 95 Ga. 738 (22 SE 660)." (Emphasis supplied.) *Eason v. Crews*, 88 Ga. App. 602, 613 (77 SE2d 245); *Wilson v. Ray*, 64 Ga. App. 540, 543 (13 SE2d 848). See also cases annotated under *Code* § 18-204, catchword "Jury."

The fact that the petition shows that the negligence of the driver of the automobile following the taxicab may have been equal to or greater than that of the defendant does not make the action against the defendant subject to the general demurrer.

Where two concurrent causes naturally operate in causing an injury, there may be a recovery against both or *either* of the actors, even though the degree of care owed by them to the injured person be different. *Reid v. Modern Roofing &c. Works,* 89 Ga. App. 285, 286 (79 SE2d 31); *Wilson v. Ray,* supra, p. 543. Although the negligent acts of the two drivers were separated by a short interval of time, the evidence might show that the second act was virtually inevitable under the alleged circumstances of speed, proximity and the wet street.

The petition alleged sufficient negligence on the part of the defendant to constitute at least a concurring proximate cause of the plaintiff's injuries. The petition raises too many issues of fact—such as the speed and proximity of the vehicles, the signal, if any, given by the leading vehicle as it "prepared to turn left," and the relative negligence, if any, of the defendant and the driver of the following vehicle—to hold as a matter of law that the defendant was exercising extraordinary diligence to protect the plaintiff passenger or that the sole proximate cause of the collision was the intervening negligence of the driver following the taxicab.

The court erred in its judgment sustaining the general demurrer to the petition.

*Judgment reversed. Hall and Eberhardt, JJ., concur.*