17104. ROME RAILWAY & LIGHT CO. *v.* ROBINSON.

PER CURIAM. It appears from the petition as amended that the alleged negligence of the defendant was not the effective and proximate cause of the homicide of the plaintiff's husband, but that such cause was the intervening act of a separate and independent agency. It does not further appear from the petition that the intervening agency could have been reasonably anticipated or foreseen by the defendant, or that the alleged negligence of the defendant put in operation other causal forces which were the direct, natural, and probable consequences of such negligence. The petition, therefore, failed to set forth a cause of action, and the court erred in overruling the general demurrer. *Higginbotham* v. *Rome Ry. & Light Co.,* 23 *Ga. App.* 753 (99 S. E. 638); *Rome Ry. & Light Co.* v. *Jones,* 33 *Ga. App.* 617 (2) (127 S. E. 786); *General Fire Extinguisher Co.* v. *Daniel,* 25 *Ga. App.* 282, 285 (103 S. E. 257), and cit.; *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (108 S. E. 906).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED JUNE 16, 1926.

Damages; from Floyd superior court—Judge Maddox. January 4, 1926.

Application for certiorari was made to the Supreme Court.

*L. A. Dean, Lamar Camp,* for plaintiff in error.

*Porter & Mebane,* contra.

LUKE, J., dissenting. Mrs. Lura Robinson sued the Rome Rail-

---

way & Light Company for damages for the homicide of her husband. The trial court overruled defendant's demurrer to the amended petition, and the defendant excepted. The petition may be summarized as follows: The residence lot of petitioner's husband, located outside the city limits of Rome, fronted 52 feet on the west side of Cherry Street, and extended thence back in a westerly direction 230 feet to a ten-foot alley, the back side of said lot being 102 feet wide. In the extreme southwestern corner of the lot the petitioner's husband operated a candy-factory in a frame wooden building about fifteen feet high. Ten feet north of the factory, and on said lot, within a few inches of said alley, was a wooden garage, approximately fifteen feet high. Immediately north of said lot was the lot of one McKenzie, the dividing line between the two being a five-foot wire fence jointly owned by petitioner's husband and said McKenzie. The top wire of said fence was one eighth of an inch in diameter and extended 230 feet, the entire depth of the lot. Approximately ten years ago the defendant erected, for commercial purposes, in and along said alley, wooden poles, with cross-arms four feet long attached thereto twenty feet above the ground. To each end of said arms was attached a wire one quarter of an inch in diameter. One of said poles was so erected near said garage that it leaned two feet over the premises of petitioner's husband, and the wire on the eastern arm of said pole extended three feet over and across said premises. Another of said poles, erected about 200 feet north of the first-mentioned pole, at and near the southwestern boundary of said McGinnis' lot, leaned out and over said lot a distance of two feet, and the wire on the eastern arm of said pole extended three feet over said lot. On July 1, 1925, the day on which the petitioner's husband was killed, the defendant was, for a consideration, furnishing him with electricity for lighting his residence. About 200 feet south of the lot of petitioner's husband the defendant maintained in said alley a transformer, whereby an electric current of 2300 volts was reduced to 110 volts, and was then conveyed by a wire attached to said pole at said garage to the home of petitioner's husband. On said date the defendant's said wire, one fourth of an inch in diameter, so attached to the eastern arm of said leaning pole, extended over and beyond, and twenty feet above, said line wire-fence. The insulation was old and worn off the wire where it

crossed over and above said line fence, and said condition of the wire, which had existed for two years, was known to the defendant, but the defendant failed and refused either to repair said wire or to remove the same from over said premises. On July 1, 1925, said candy-factory accidentally caught fire, and was a mass of flames in a few minutes. Quickly and suddenly said garage caught from said factory and also became a mass of flames. From the latter fire said pole which extended over said garage was ignited, and said wire attached to the eastern arm of said pole burned in two, fell on and across said top wire of the line fence, and charged the same with said 2300 volts of electricity. Seeing that his own buildings could not be saved, and that McKenzie's barn and garage, located some 35 feet from said burning building, were smoking, defendant's husband placed both hands on the top wire of said line fence (there being no gate in said fence), in order to cross over and help McKenzie. Instantly said 2300 volts of electricity carried by said wire shot through the body of petitioner's husband and killed him. The place where defendant's said wire fell on said line fence was approximately 35 feet from the garage of petitioner's said husband; and the place where defendant's wire burned in two was about 35 feet from the place where said wire fell upon said line fence. Petitioner's husband did not know said uninsulated wire of defendant had fallen across said fence and charged the top wire thereof with electricity. Petitioner's husband was free from negligence, and his death was caused solely by defendant's negligence: (1) in maintaining said wire three feet over, across, and above the fence and premises of said petitioner's husband; (2) in that defendant maintained said highly charged wire in said dangerous and uninsulated condition; (3) in not repairing said defective wire after its condition became known to defendant. By amendment the petitioner alleged that the defendant was negligent in erecting and maintaining said wire, carrying said high voltage of electricity, just over and above said combustible wooden garage, said wire being uninsulated and exposed, from the southern extremity of the lot of plaintiff's husband to the Alabama road, a distance of 200 yards; said defendant knowing that said candy-factory and said garage, both constructed of combustible material, were liable and likely to catch fire at any time, and that in the event of said garage's igniting, the arm of said pole extend-

ing over it would be burned, and said wire attached thereto would burn in two, fall upon said line fence, and convey said 2300 volts of electricity into said top wire.

The defendant demurred on the ground that it appeared from the allegations of the amended petition that the effective and proximate cause of the death of the petitioner's husband was the intervening act of a separate and independent agency.

In the writer's opinion the petition as amended set forth a cause of action and was not subject to the demurrer. *Sedlmeyr* v. *Fitzgerald*, 140 *Ga.* 614 (79 S. E. 469); *Columbus Railroad Co.* v. *Kitchens*, 142 *Ga.* 677 (83 S. E. 529, L. R. A. 1915C, 570), and cit.; *Trammell* v. *Columbus Railroad Co.*, 9 *Ga. App.* 98 (3) (70 S. E. 892); *Heidt* v. *So. Bell Telephone &c. Co.*, 122 *Ga.* 474 (50 S. E. 361); *Rome Railway & Light Co.* v. *Jones*, 33 *Ga. App.* 617 (2) (127 S. E. 786); *Dunbar* v. *Davis*, 32 *Ga. App.* 192 (122 S. E. 895); *So. Ry. Co.* v. *Webb*, 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109); *Dunbar* v. *Hines*, 152 *Ga.* 865 (111 S. E. 396); *Corley* v. *Coleman*, 113 *Ga.* 994 (39 S. E. 558).