40144, 40145.   SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. WHIDDON; and vice versa.

DECIDED JUNE 12, 1963—REHEARING DENIED JUNE 26, 1963.

*Perry, Walters & Langstaff, Jesse W. Walters,* for plaintiff in error.

*Burt & Burt, H. P. Burt,* contra.

EBERHARDT, Judge. ■ Do the counts of the petition set out a cause of action against the defendant telephone company? A decision requires a consideration of what Judge Townsend called "the peculiarly perplexing rules of law relating to remote and superseding causes of injury." *Taylor v. Atlanta Gas Light Co.,* 93 Ga. App. 766, 768 (92 SE2d 709).

Initially, it is clear that the plaintiff here, being a highway traveler, fell within a class of persons to whom the defendant owed a duty to refrain from negligently obstructing the highway. Under the allegations of the petition, the negligence of the defendant was one "cause in fact" of the plaintiff's injury.

In such a situation, "The causal connection between an original act of negligence and injury to another is not broken by the

'intervening' act of a third person, if the nature of such intervening act was such that it could reasonably have been anticipated or foreseen by the original wrongdoer." *Williams v. Grier*, 196 Ga. 327 (2a) (26 SE2d 698). "The original act of negligence may be passive, that is, harmless unless something further occurs but capable of being made dangerous by the operation of some new force, as occurred in this case. Under such conditions, the fact that an intervening act of a third person is itself negligent, and acts upon the original passive negligence so that injury occurs which otherwise would not have occurred, does not necessarily operate to make the second act of negligence by the third party the sole proximate cause of injury and thus insulate the original wrongdoer from liability. . . Where such conditions occur, it is sufficient if the defendant, in ordinary prudence, might have foreseen that some injury would result from his act, but it is not necessary that he should have anticipated the particular consequences which ensued." *Taylor v. Atlanta Gas Light Co.*, 93 Ga. App. 766, 768-9, supra. See *Atlanta Baggage &c. Co. v. Atlanta Taxicabs, Inc.*, 104 Ga. App. 89 (6) (121 SE2d 175).

There is general agreement on this view. Prosser states: "The defendant ordinarily will not be relieved of liability [for a prior negligent act] by an intervening cause which could reasonably have been foreseen, nor by one which is a normal incident of the risk created." Prosser, Torts § 49, p. 266 (2d Ed., 1955). See also discussion in 2 Harper & James, Torts, p. 1141, § 20.5 (5) (1956).

Here the defendant telephone company's negligence as alleged was simply "passive" or static in allowing a certain combination of conditions to continue (maintaining rotten pole, failure to clear weeds, etc.). Any sins were sins of omission. The moving, precipitating or "intervening" factor was the fire, which was of undetermined (or at least of unalleged) origin.

Was it foreseeable that another agency[1] would combine with the defendant's passive negligence and cause harm to a highway

---

[1] The plaintiff relies on *Western Union v. Owens*, 23 Ga. App. 169 (98 SE 116), where recovery was allowed when plaintiff

traveler? Foreseeability is a jury question where reasonable minds might differ. E.g., *Thomas v. Williams*, 105 Ga. App. 321, 327 (124 SE2d 409) and citations; *Poole v. City of Louisville*, 107 Ga. App. 305, 308 (130 SE2d 157); *Hubbard v. Squadrito*, 107 Ga. App. 651 (131 SE2d 227).

Defendant relies strongly on *Rome R. &c. Co. v. Robinson*, 35 Ga. App. 521 (134 SE 132), a two judge opinion with one dissent which was affirmed by an equally divided Supreme Court in 164 Ga. 656 (139 SE 345). *Robinson* is a power pole case where there was proximity to a garage and candy factory, an alleged fire hazard. However, the instant case presents the additional factor of a *deteriorated pole* immediately surrounded by "tall weeds and thick brush," a combustible situation and thus one in which it might have been anticipated that if the weeds and brush should catch fire, whether from the house or some other source, *because of its deteriorated condition,* the pole might burn and fall. This was not present in *Robinson,* where it was not the power pole that burned and fell bringing a wire down

---

stumbled over wires that had been attached to "defective and rotten" poles. The poles and wires were blown down by the wind. However, in the very same volume appears *Higginbotham v. Rome R. &c. Co.,* 23 Ga. App. 753 (99 SE 638), where the plaintiff was electrocuted by a previously sagging and uninsulated wire that had been further lowered to head level by a blasting operation. This serves to illustrate the tendency to allow each negligence case to rest on its own bottom and examples of inconsistent results which abound.

No sagging wire over a roadway case has been found where fire was the intervening force, but recovery has been allowed for injury from wires sagging because of an ice storm, Campbell v. Western Union Telegraph Co., 139 Pa. Super. 553 (12 A2d 816), aff'd. 341 Pa. 103 (17 A2d 346), (but cf. Public Service Co. v. Sonagerra, 208 Okla. 95, 253 P2d 169, denying recovery on similar facts), where a truck struck the anchor or brace pole placed in almost the same position as the burned pole in this case, Thornton v. Union Elec. &c. Co., 230 Mo. App. 637 (72 SW2d 161), and where the facts were similar to *Owens,* 23 Ga. App. 169, supra. Hart v. Lake Providence, 5 La. App. 294 (cited in Annot. 40 ALR2d 1319).

but rather it was a wire attached to a cross arm *at the top of the pole. Beckham v. Seaboard Air-Line R.*, 127 Ga. 550 (56 SE 638, 12 LRA (NS) 476) involved a fire which started in a house on the defendant's premises and spread to plaintiff's hotel, which was *located on the other side of the railroad right of way.* Each obviously presents a different foreseeability situation.

The trial court properly overruled the general demurrers to count 1 but erroneously sustained, as contended in the cross bill, the count 2 demurrers.

■■■ These headnotes need no elaboration.

The main bill is affirmed with the exception of special demurrers 7, part of 8, 12 and 13; the cross bill is reversed with the exception of the ruling on special demurrer 4.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Russell, J., concur.*