40557. LOUISVILLE & NASHVILLE RAILROAD COMPANY et al. v. CHILDERS.

DECIDED FEBRUARY 17, 1964.

*Erwin, Birchmore & Epting, Eugene A. Epting,* for plaintiffs in error.

*Gary L. Pleger,* contra.

EBERHARDT, Judge. Were the defendant railroads guilty of any actionable negligence under the facts alleged? This is the primary and controlling issue on the appeal.

The positive allegations of the petition show that the path passed through a space nine feet wide between the railroad tracks and the culvert. Given such a distance, there is simply no negligence on the part of the railroads in the maintenance of the culvert off the traveled part of the path. Foreseeability is the test, and we do not think there was any harm foreseeable. *Southern Bell &c. Co. v. Whiddon,* 108 Ga. App. 106, 108 (1) (132 SE2d 237) and citations. This is true regardless of plaintiff's status (i.e., whether trespasser, licensee or invitee) and regardless of whether the court would take judicial notice of a locomotive's extension an unspecified distance beyond the sides of the track. The allegation that the locomotive "suddenly and without warning" came around the corner of the warehouse does not save plaintiff's case because any reasonable person certainly knows that this is likely to happen when he walks along a railroad track.

The general demurrers should have been sustained.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*