CULLUM & BOREN-McCain Mall, Inc.
*v*. James E. PEACOCK et al

79-282                                    592 S.W. 2d 442

Opinion delivered January 7, 1980
(In Banc)
[Rehearing denied February 11, 1980.]

*Barber, McCaskill, Amsler, Jones & Hale*, for appellant.

*McMath, Leatherman & Woods, P.A.*, by: *Phillip H. McMath*, for appellees.

JOHN I. PURTLE, Justice. We have considered the juris-

dictional statements of the parties in taking this case for consideration. It is our opinion that Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979), Rules 401, 402 and 403 are required to be interpreted in deciding this case.

Appellees recovered a judgment, in the Pulaski County Circuit Court, against appellant, Cullum & Boren, as a result of appellee, James E. Peacock, being shot by one Francis T. Blodgett, with a handgun purchased from appellant. Recovery was based upon common law negligence of appellant in selling the handgun to Blodgett. This appeal is from the jury verdicts in favor of James E. Peacock in the sum of $170,000 and for his wife, Charlotte Peacock, in the sum of $30,000.

The judgment was against Blodgett, who does not appeal, and appellant, jointly and severally. On appeal it is urged that the trial court erred in three respects: (1) In failing to grant a directed verdict for appellant, (2) allowing the desposition of Blodgett to be presented to the jury, and (3) in failing to hold as a matter of law that appellant could not be more negligent than Blodgett. We agree the deposition of Blodgett regarding his consultation with a psychiatrist more than 13 years previous to the shooting was prejudicial error. We do not reach the question of comparative negligence because a retrial may not present the same question.

The facts reveal Francis T. Blodgett appeared at Cullum & Boren at the McCain Mall in North Little Rock, Arkansas, on February 15, 1978, and sought to purchase a .38 pistol. The manner in which Blodgett inquired about the purchase aroused the suspicion of the salesman, McDonald. When Blodgett selected the pistol he wanted, he did not have enough money to pay for it. Therefore, he left the store with the declared intent of obtaining additional money for the purchase of the pistol he had selected. While Blodgett was gone McDonald requested John Moore, a fellow employee of Cullum & Boren, to observe Blodgett upon his return in order to determine whether he thought Blodgett was acting strangely. Upon Blodgett's return McDonald engaged him in conversation and observed him to the extent he was satisfied Blodgett was a suitable person to purchase the pistol. During the conversation prior to the purchase, Blodgett

stated he had recently been burglarized and wanted to purchase a gun that would make a big hole. There is a dispute as to whether he stated he wanted one which would make a big hole in a man. Blodgett experienced no difficulty in filling out the handgun purchase form (ATF #4473) required when a person purchases a firearm. The purchaser appeared calm and answered all questions without assistance. After Blodgett left the store, McDonald went to the front and discovered Blodgett was apparently loading the gun while seated in his vehicle in the parking lot near the appellant's store. This upset McDonald and he notified his supervisor, Charlie Keck, who called the Jacksonville police to report the incident. It is disputed whether Keck told the officer that Blodgett had stated he wanted a gun which would "make a big hole in a man" or whether he stated he wanted one "which would make a big hole." In any event, Blodgett shortly appeared at Peacock's office and shot him about three times, without any known reason.

The jury answered interrogatories which set the damages at $170,000 for Peacock and $30,000 for his wife. The negligence was apportioned on 25% to Blodgett and 75% to Cullum & Boren.

We first consider the question of whether the trial court should have granted a directed verdict. The issues were presented to the jury solely on the theory of common law negligence on the part of Cullum & Boren. We do not believe the case of *Franco* v. *Bunyard,* 261 Ark. 144, 547 S.W. 2d 91, cert. denied, 434 U.S. 835 (1977), has any application to the present case. In *Franco* we held the failure to follow the federal gun control act in selling a firearm was evidence of negligence. However, in the present case the evidence is undisputed that the gun control act was followed. There is no Arkansas statute relating to the sale of firearms to individuals by retailers. The General Assembly, which speaks for the people of Arkansas, has not seen the need to enact legislation regulating the sale of handguns. It is not the function of the courts to enact legislation. Therefore, there is no statutory negligence to be considered in the present case.

We find sufficient evidence in the record of this case to

justify submitting the case to the jury against appellant on the grounds of common law negligence. On appeal we consider the evidence in the light most favorable to the appellee. It was a question of fact whether Blodgett requested a weapon which would blow a big hole in a man. Obviously appellant's employees were suspicious of the purchaser. We cannot say as a matter of law there was no substantial evidence upon which the jury could have reached its verdict.

We next consider the question of whether the court erred in admitting that portion of Blodgett's deposition which indicated he had been treated by a psychiatrist between 1960 and 1965, the latest treatment having occurred more than 13 years prior to the date of the incident upon which this cause of action is based. Blodgett had been under the treatment of a physician for a number of years prior to this incident. The present attending physician indicated Bodgett was reacting normally to the medication which was being prescribed. Admittedly, there was a possibility that Blodgett could have saved up his medicine and taken what amounted to an overdose at any particular time. However, this is a possibility which does not rise above speculation. There was no evidence whatsoever presented at the trial to indicate that Blodgett was suffering from mental disease which related back to 1965. In fact, the earlier treatment was not for a mental disease so far as the record shows. We think this evidence was controlled by Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979), Rules 401, 402 and 403. These rules are as follows:

> Rule 401. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

> Rule 402. All relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this State. Evidence which is not relevant is not admissible.

> Rule 403. Although relevant, evidence may be ex-

cluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The evidence of the previous psychiatric consultation is governed by these rules. Although it may be argued the evidence was relevant, it may be fairly said that its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or was misleading to the jury. It seems likely the jury may have relied upon this evidence which in reality had no connection with the shooting that occurred on February 15, 1978. There simply is no connecting evidence between the prior psychiatric treatment and the present condition of Blodgett. We do not believe that the evidence of his prior psychiatric consultation had any tendency to make the existence of the allegations in this case more probable or less probable than it would have been without the evidence. Introduction of this portion of Blodgett's deposition constituted prejudicial error.

As to whether Cullum & Boren could be found more responsible than Francis T. Blodgett is not considered at this time because on retrial the responsibility may not be apportioned in the same manner.

For the above reason the case is reversed and remanded for a new trial.

Reversed and remanded.

STROUD and MAYS, JJ., not participating.