Bruce A. DECKER, Shelley R. Decker, Henry L. Etheridge, Et Al., Etc., Plaintiffs-Appellants,

v.

GIBSON PRODUCTS COMPANY OF ALBANY, INC., Defendant-Appellee.

No. 80–7966.

United States Court of Appeals, Eleventh Circuit.

June 21, 1982.

Burt, Burt & Rentz, Larry K. Butler, H. P. Burt, Albany, Ga., for plaintiffs-appellants.

Edmund A. Landau, III, Albany, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and WOOD *, Circuit Judges.

RONEY, Circuit Judge:

In this diversity case, the children and the mother of a murder victim brought a negligence action against the seller of the handgun used to commit the murder. The sale of the gun violated 18 U.S.C.A. § 922(d)(1) of the Gun Control Act, which prohibits a licensed dealer from selling firearms to a felon. The district court granted defendant's motion for summary judgment. We reverse and remand.

The question on appeal is whether there is an issue of material fact which should have been resolved by a jury. Fed.R.Civ.P. 56(c). Inferences from the evidence are viewed in the light most favorable to plaintiff. *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975).[1]

Within 48 hours of purchasing a .38 caliber pistol from defendant's store in 1979, Johnny Etheridge used the weapon to murder his former wife. Before buying the

---

\* Honorable Harlington Wood, Jr., U. S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. The Eleventh Circuit in the en banc decision of *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

handgun Etheridge informed the salesperson that he had been convicted of the felony of aggravated assault in Florida in 1967. He also produced a copy of the restoration of civil rights form issued him by the State of Florida in 1972. The form indicated that he had been sentenced to 18 months imprisonment and that he had been shown to be living a law-abiding life since then. The answers to interrogatories propounded by plaintiffs show that when inquiry was made, the sheriff advised the salesperson that it was permissible to sell the pistol to Etheridge.

■ It is uncontested, however, that the sale of the pistol actually did violate 18 U.S.C.A. § 922(d)(1),[2] which prohibits a licensed dealer from selling firearms to felons. Restoration of civil rights, unlike a full and complete pardon, does not change a felon's status for purposes of that Act unless expressly provided otherwise by the state. *Compare United States v. Barrett*, 504 F.2d 629, 632–34 (6th Cir. 1974), *aff'd on other grounds*, 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976) (partial pardon), *with United States v. Matassini*, 565 F.2d 1297 (5th Cir. 1978) (full pardon).

The mainstay of the district court opinion was its conclusion that the federal criminal statute created no private cause of action in favor of the plaintiffs. A review of the record reveals that plaintiffs did not assert that the federal act created a private cause of action either in their complaint or in their opposition to defendant's motion for summary judgment. In fact, plaintiffs have explicitly stated they were relying on the Gun Control Act not to create a cause of action but rather as a standard against which to measure defendant's conduct for purposes of determining negligence. The district court was led astray by defendant's argument in support of summary judgment. Because plaintiffs do not urge this theory on appeal, we need not address the question.

Because the district court's decision was primarily based on its rejection of a statutorily created cause of action, the theories plaintiffs relied on were not adequately addressed.

Plaintiffs assert that defendant negligently sold the pistol to Johnny Etheridge and that the sale was the proximate cause or a contributing proximate cause of Delia Etheridge's death. Plaintiffs set out two theories as alternative means of establishing negligence.

■ First, plaintiffs contend that the violation of the Gun Control Act establishes negligence per se. It is well settled that Georgia law allows the adoption of a statute as the standard of conduct of a reasonable person so that its violation becomes negligence per se. *Louisville & Nashville Railroad v. Hames*, 135 Ga. 67, 68 S.E. 805 (1910); *Central Railroad & Banking Co. v. Smith*, 78 Ga. 694, 3 S.E. 397 (1887). To determine whether the statute is an appropriate standard of due care, courts examine the purpose of the statute to ascertain the harm it was intended to guard against and the persons it was intended to protect. *Atlanta & West Point Railroad v. Underwood*, 218 Ga. 193, 126 S.E.2d 785, 787 (1962); *Platt v. Southern Photo Material Co.*, 4 Ga.App. 159, 60 S.E. 1068, 1071 (1908). In *Spires v. Goldberg*, 26 Ga.App. 530, 106 S.E. 585 (1921), negligence per se was found in the violation of a state statute making it a misdemeanor to sell a pistol to a minor. The court concluded the legislature's purpose was twofold: to protect minors and "to prevent injuries resulting from negligence in the handling of these dangerous weapons by irresponsible persons. Knowledge of this purpose in a legal sense was chargeable to the defendants when they violated the law by selling the pistol to the minor." *Id.* at 588.

2. The federal Gun Control Act, 18 U.S.C.A. § 922 provides in pertinent part:

 (d) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person—
 (1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.

Defendant apparently misconstrued plaintiffs' arguments and as a result did not address this issue in its brief on the motion for summary judgment or in its brief on appeal. We need not here decide whether the plaintiff could establish negligence per se, but leave that to the trial court on remand.

Plaintiffs' second theory of recovery is based on common law negligence, *i.e.*, that it was negligent to sell a handgun to a person known to have been convicted of a violent crime. In evaluating this theory, the district court did not address the question of defendant's negligence but concluded the sale was not the proximate cause of Delia Etheridge's death. The court reasoned that a negligent defendant is relieved of liability for injuries resulting from the combination of defendant's negligence and an unforeseeable intervening act. The court ruled Etheridge's murder of his former wife unforeseeable by reason of the restoration of his civil rights. This issue should have been submitted to a jury.

Generally, independent illegal acts of third persons are deemed unforeseeable and therefore the sole proximate cause of the injury, which excludes the negligence of another as a cause of injury. *E.g., Andrews v. Kinsell*, 114 Ga. 390, 40 S.E. 300 (1901) (defendant not liable when burglars entered adjoining store through windows and connecting partition negligently left open); *Skelton v. Gambrell*, 80 Ga.App. 880, 57 S.E.2d 694 (1950) (minor's commission of murder with pistol furnished him by parents held unforeseeable where he was known to be reckless but not malicious). In some cases, however, criminal acts have been held to be foreseeable. In *Warner v. Arnold*, 133 Ga.App. 174, 210 S.E.2d 350 (1974), a landlord was not relieved of liability as a matter of law for damages resulting from burglary and arson of an apartment where the tenant had complained of the inadequate lock several times. Because of the immediacy of the connection between the inadequate lock, the landlord's notice of the inadequacy, and the crimes, the court held that the question of foreseeability was one for the jury. *Id.* at 354.

Two contrasting former Fifth Circuit cases illustrate the point. In *United States v. Shively*, 345 F.2d 294 (5th Cir.), *cert. denied*, 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965), a pistol was issued to a soldier in civilian clothes in violation of an Army regulation against issuing a firearm to an off-duty soldier not in uniform. His subsequent assault on his former wife was held to be unforeseeable. *Id.* at 297. On the other hand, an airman's murder of his former wife was deemed foreseeable where he had been recently hospitalized for mental illness and was not fully recovered when issued a pistol without complying with applicable procedures. *Underwood v. United States*, 356 F.2d 92 (5th Cir. 1966).

The Gun Control Act would seem to militate against the district court's decision that "no reasonable trier of fact could conclude that the defendant or its employees could have foreseen Mr. Etheridge's propensity to use the weapon for an illegal act." In its enactment of this part of the Omnibus Crime Control and Safe Streets Act of 1968, Congress seems to have found it foreseeable that convicted felons will use firearms to commit crimes of violence. Citing statistics linking the use of firearms with the increase in violent crime, Congress stated the purpose of the Act was to restrict the availability of firearms to "those not legally entitled to possess them because of age, criminal background, or incompetency." S.Rep.No.1097, 90th Cong., 2d Sess., *reprinted in* [1968] U.S.Code Cong. & Ad. News, 2112, 2113–14, 2163; H.R.Rep.No. 1577, 90th Cong., 2d Sess., *reprinted in* [1968] U.S.Code Cong. & Ad.News, 4410, 4412–13. The United States Supreme Court determined the aim of the Act was to curb crime by keeping firearms out of the hands of those classified as potentially irresponsible or dangerous. *Barrett v. United States*, 423 U.S. 212, 219–21, 96 S.Ct. 498, 502–03, 46 L.Ed.2d 450 (1976); *Huddleston v. United States*, 415 U.S. 814, 824, 94 S.Ct. 1262, 1268, 39 L.Ed.2d 782 (1974).

In an action for wrongful death and personal injury against the seller of a handgun to

a convicted felon who had escaped from prison, the Supreme Court of Arkansas wrote:

> On the issue of foreseeability, we need say only that the very purpose of the law is to keep pistols out of the hands of such persons as Graham, who was both a convicted criminal and a fugitive from justice. It certainly cannot be said that his use of the gun in such a way as to injure others was not foreseeable.

*Franco v. Bunyard*, 261 Ark. 144, 547 S.W.2d 91, 93 (1977). In Georgia, the question of foreseeability is ordinarily for the jury. *Southern Bell Telephone & Telegraph Co. v. Whiddon*, 108 Ga.App. 106, 132 S.E.2d 237, 240 (1963). *See also Gross v. Southern Railway Co.*, 414 F.2d 292, 300 (5th Cir. 1969). Defendant was not entitled to judgment as a matter of law on the foreseeability issue.

 Even when evidence in a case is not in conflict, the determination of negligence is ordinarily within the province of the trier of fact because of the peculiarly elusive nature of negligence and the necessity that the trier of fact assess the reasonableness of the conduct under all the circumstances. *See Gauck v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965); *Jones v. Crown Construction Co.*, 152 Ga.App. 578, 263 S.E.2d 460, 462 (1979). Regardless of whether a violation of the Gun Control Act constitutes negligence per se in Georgia, a legal determination we leave to the trial court, plaintiffs are entitled to have the jury consider whether defendant's sale of the pistol to a person known to have been convicted of aggravated assault was reasonable in light of the federal statute, the restoration of civil rights shown to the salesperson, the response received from the sheriff, the alleged duty of the corporate defendant to properly instruct its employees concerning these matters, and all of the other facts surrounding the gun transaction.

**REVERSED AND REMANDED.**