Thomas P. LOVE et al, Appellants,

v.

ZALES CORPORATION, INC. et al, Appellees.

No. 11–84–260–CV.

Court of Appeals of Texas, Eastland.

March 21, 1985.

Rehearing Denied April 25, 1985.

Charles A. Deason, Robert D. Earp, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellants.

Kevin J. Keith & C. Edward Fowler, Jr., Bailey & Williams, Dallas, Dennis L. Richard, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellees.

DICKENSON, Justice.

This is a summary judgment case where the trial court agreed with defendants that: (1) the negligence cause of action was barred by the two-year statute of limitations; and that (2) the plaintiffs' pleadings alleged facts which negate their causes of action for breach of contract and for breach of express and implied warranties. Plaintiffs appeal, arguing: (1) the "discovery rule" should apply to their negligence cause of action; and (2) their pleadings state causes of action founded on breach of warranty in the sale of goods and for breach of contract, neither of which are barred by the applicable four-year statute of limitations. We affirm the summary judgment.[1]

The lawsuit was filed on October 21, 1982, for the wrongful death of Theresa Love and for personal injuries to Louise

1. This appeal was transferred from the El Paso Court of Appeals to this Court on November 20, 1984. See TEX.REV.CIV.STAT.ANN. art. 1738 (Vernon Supp.1985).

Love and Cliff O'Gurian.[2] The pleadings and the undisputed facts show that Ronald P. Love used a Winchester shotgun on April 18, 1979, to kill his mother, Theresa, and to wound his sister, Louise, and his brother-in-law, Cliff O'Gurian. The Winchester shotgun had been purchased from defendants[3] on October 26, 1978.

The pleadings and the undisputed facts also show that when Ronald P. Love purchased the shotgun, he disclosed on the "Firearms Transaction Record" that he had "been committed to a mental institution." See the Appendix to this opinion. Even though the form clearly states that a person who answers that question in the affirmative "is prohibited by Federal law from purchasing and/or possessing a firearm," the salesclerk completed the form and sold the shotgun. The salesclerk was clearly negligent[4] in selling the shotgun to a person who disclosed that he had previously been committed to a mental institution.

Plaintiffs have briefed three points of error. In their first two points, they argue that the trial court erred in granting summary judgment because their pleadings stated a cause of action: (Point one) founded on breach of warranty in the sale of goods to which the four-year statute of limitations of the Uniform Commercial Code applied; and (Point two) founded on breach of a written contract, as to which they were third party beneficiaries.

■■■■ These points of error raise the question as to whether summary judgment on the pleadings is proper or if the matter

should have been developed through special exceptions. See *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 at 10 (Tex.1974):

> This court believes that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings, as here, fail to state a cause of action.

Even so, *Herring* recognizes the fact that: "a party may plead himself out of court; e.g., the plaintiff may plead facts which affirmatively negate his cause of action." 513 S.W.2d at 9. Even though they attempt to assert breach of implied and express warranties under TEX.BUS. & COM. CODE ANN. secs. 2.313, 2.314 and 2.315 (Vernon 1968), the facts which they have pleaded show that there was no breach of warranty. There was nothing wrong with the shotgun. See *Hulsebosch v. Ramsey*, 435 S.W.2d 161 at 164 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ); *Hulsman v. Hemmeter Development Corp.*, 65 Hawaii 58, 647 P.2d 713 at 721 (1982). Of course, if the shotgun had been defective, there would have been a breach of warranty. See *International Armament Corporation v. King*, 686 S.W.2d 595 (Tex.1985). Point One is overruled.[5]

■■■ The "Firearms Transaction Record" shown in the Appendix is not a contract.[6] Therefore, plaintiffs cannot be third party beneficiaries of a written contract. Consequently, TEX.REV.CIV.STAT.ANN. art. 5527 (amended August 27, 1979) is not applicable. Point two is overruled.

---

**2.** The plaintiffs are Thomas P. Love, Individually and as Executor of the Estate of Theresa Love, Deceased; Thomas P. Love, Jr., Jean E. Love, Joan E. O'Gurian, Louise Love, and Donald P. Love, sole heirs of Theresa Love, Deceased; Louise Love, Individually; and Cliff O'Gurian, Individually.

**3.** The salesclerk who sold the gun is Peter Arduini. He was employed by Cullum & Boren, Inc. which was owned at that time by Zales Corporation, Inc. That subsidiary corporation was subsequently sold by Zales Corporation, Inc. to Oshman's Sporting Goods, Inc. The salesclerk and all three corporations are named as defendants in this case.

**4.** The sale was a violation of federal law. See 18 U.S.C. sections 921–928. The purchaser and the salesclerk were subject to fine and imprisonment.

**5.** If plaintiffs had a cause of action for breach of warranty under Sections 2.313, 2.314 or 2.315 of the Business and Commerce Code, supra, it would not be barred by limitations. See *Garcia v. Texas Instruments, Inc.*, 610 S.W.2d 456 at 465 (Tex.1980).

**6.** This report is required by 18 U.S.C. sections 921–928.

In their third and final point of error, plaintiffs argue that the trial court erred in granting the summary judgment "in that the discovery rule is applicable to plaintiffs' cause of action founded on negligence." We decline plaintiffs' invitation to extend the discovery rule. See *Otis v. Scientific Atlanta, Inc.*, 612 S.W.2d 665 at 666 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.):

> The existence of a cause of action was not concealed, and defendant was under no duty to disclose its identity to plaintiffs.

Plaintiffs knew they had been injured when the shootings occurred. They were aware that their mentally deranged relative had obtained a shotgun from someone and that he had shot his mother, his sister and his brother-in-law. While they pursued their claims against the psychiatrists and the mental institution which had treated their relative, they apparently made no effort to ascertain where he obtained the shotgun. Months later they were told by the mental patient's personal attorney that Ronald had bought the shotgun from defendants.

All of the cases cited by plaintiffs in connection with the "discovery rule" are factually distinguishable. See *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967), where the Supreme Court said: "Our holding here is limited to causes of action in which a physician leaves a foreign object in the body of his patient." The recent case of *Nelson v. Krusen,* 678 S.W.2d 918 (Tex. 1984), deals with the "open courts provision," TEX.CONST. art. I, sec. 13, which prevents the legislature from "cutting off a cause of action before the party knows, or reasonably should know, that he is injured." The Love family knew that it had been injured on the date of the shootings, far more than two years before this lawsuit was filed. *Kelley v. Rinkle,* 532 S.W.2d 947 (Tex.1976), deals with a false credit report and the one-year statute of limitations for libel and slander. The third point of error is overruled.

The judgment of the trial court is affirmed.

$49.99 CASH

**DEPARTMENT OF THE TREASURY**
**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS**
**FIREARMS TRANSACTION RECORD**
PART 1 — INTRA-STATE OVER-THE-COUNTER 103-1

TRANSFEROR'S TRANSACTION NO. 4504-L

NOTE: Please read and carefully follow instructions on reverse. Prepare an original only. Please type or print in ink.

SECTION A — MUST BE COMPLETED PERSONALLY BY TRANSFEREE (BUYER) (See Instruction 3)

1. TRANSFEREE'S (Buyer's) NAME (Last, First, Middle) (Mr., Mrs., Miss.) — LOVE, RONALD PATRICK
2. HEIGHT — 5'10"
3. WEIGHT — 188
4. RACE — C

5. RESIDENCE ADDRESS (No., Street, City, State, Zip Code) — DALLAS, TEXAS 75321. 6857 ShadyBrook # 6857 E
6. DATE OF BIRTH — 01-15-55
7. PLACE OF BIRTH — EL PASO, TEXAS

8. CERTIFICATION OF TRANSFEREE (Buyer) — An untruthful answer may subject you to criminal prosecution. Each question must be answered with a "yes" or a "no" inserted in the box at the right of the question:

a. Are you under indictment or information in any court for a crime punishable by imprisonment for a term exceeding one year? — nO
b. Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note. The actual sentence given by the judge does not matter—a yes answer is necessary if the judge could have given a sentence of more than one year.) — no
c. Are you a fugitive from justice? — no

d. Are you an unlawful user of, or addicted to, marihuana, or a depressant, stimulant, or narcotic drug? — no
e. Have you ever been adjudicated mentally defective or have you ever been committed to a mental institution? — yes
f. Have you been discharged from the Armed Forces under dishonorable conditions? — no
g. Are you an alien illegally in the United States? — no
h. Are you a person who, having been a citizen of the United States, has renounced his citizenship? — no

I hereby certify that the answers to the above are true and correct. I understand that a person who answers any of the above questions in the affirmative is prohibited by Federal law from purchasing and/or possessing a firearm. I also understand that the making of any false oral or written statement or the exhibiting of any false or misrepresented identification with respect to this transaction is a crime punishable as a felony.

TRANSFEREE'S (Buyer's) SIGNATURE — Ronald Patrick Love
DATE — 10-26-78

SECTION B — TO BE COMPLETED BY TRANSFEROR (SELLER)

THE PERSON DESCRIBED IN SECTION A:
☐ IS KNOWN TO ME
☑ HAS IDENTIFIED HIMSELF TO ME IN THE FOLLOWING MANNER

9. TYPE OF IDENTIFICATION (Driver's License, etc. Positive identification is required. A Social Security card is not considered positive identification) — TEXAS DRIVERS LICENSE
10. NUMBER ON IDENTIFICATION — 6424184

On the basis of. (1) the statements in Section A; (2) the verification of identity noted in Section B, and (3) the information in the current list of Published Ordinances, it is my belief that it is not unlawful for me to sell, deliver or otherwise dispose of the firearm described below to the person identified in Section A.

11. TYPE (Pistol, rifle, etc.) — Shot gun
12. MODEL — 840
13. CALIBER OR GAUGE — 20 g
14. SERIAL NO. — 144 00
15. MANUFACTURER (and importer, if any) — Winchester Arms

16. TRADE/CORPORATE NAME AND ADDRESS OF TRANSFEROR (Seller) (Hand stamp may be used) — CULLUM & BOREN #8005, 520 NORTH PARK SHOPPING CENTER, DALLAS, TX 75225
17. FEDERAL FIREARMS LICENSE NO. — 5 75 05701 J 9 18627

18. TRANSFEROR'S (Seller's) SIGNATURE
19. TRANSFEROR'S TITLE — Sales
20. TRANSACTION DATE — 10-21-78

ATF FORM 4473-PT 1 (10 75) EDITION OF 6-74 MAY BE USED