Donald **BRYANT** and Wife, **Junett Bryant, Individually and as Next Friends of Dawn D. Bryant and Kirt Bryant, Appellants,**

v.

**WINN–DIXIE STORES, INC., Winn–Dixie Handyman, Inc., and Winn–Dixie, Inc., Appellees.**

No. 2–88–269–CV.

Court of Appeals of Texas, Fort Worth.

March 21, 1990.

Rehearing denied April 18, 1990.

**548**

Art Brender, Fort Worth, for appellants.

Tolbert L. Greenwood, Sloan B. Blair, Mary Colchin Johndroe, Cantey & Hanger, Fort Worth, for appellees.

Before WEAVER, C.J., and LATTIMORE and MEYERS, JJ.

## OPINION

LATTIMORE, Justice.

Appellants bring this appeal from the trial court's grant of appellees' motion for summary judgment.

We affirm.

Appellants' son/brother, together with four other people, was murdered with a .22 caliber pistol. The ammunition used in the murders was allegedly purchased from appellees.

Appellants brought their cause of action against appellees for negligence and negligence per se in connection with the sale of the ammunition.

In appellants' first, second, and third points of error they contend that the trial court erred in granting appellees' motion for summary judgment. Appellants contend that the trial court held as a matter of law that no duty exists on the part of a seller of ammunition to use ordinary care to avoid selling ammunition to a convicted felon or a person who is mentally unstable. Further, it was error by the trial court to hold there was no genuine issue of material fact as to appellees' alleged violation of the Federal Firearms Control Act. Additionally, the court erred in finding there was no evidence as a matter of law tending to raise the issue whether appellees or their agents and employees knew or had reasonable cause to believe that the assailant to whom the ammunition was sold was a convicted felon or was mentally unstable on the occasion in question.

The law in Texas is well settled, that summary judgment is a harsh remedy and must be strictly construed. *International Ins. Co. v. Herman G. West, Inc.,* 649 S.W.2d 824 (Tex.App.—Fort Worth 1983, no writ). In a summary judgment case, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the cause of action but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of a plaintiff's cause of action; burden of proof is on the movant, all doubts as to existence of a genuine issue of material fact are resolved against the movant, all conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Nixon v. Mr. Property Mgt. Corp.,* 690 S.W.2d 546, 547–48 (Tex.1985); *Aldridge v. Young,* 689 S.W.2d 342 (Tex. App.—Fort Worth 1985, no writ); TEX.R. CIV.P. 166a.

We must review the record in the light most favorable to appellants. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 562 (1962). Appellants' argument is dependent upon a finding of a duty of inquiry. If we do not find a duty of inquiry on the part of appellees, appellants cannot prevail.

■ Appellants' first point of error complains that the trial court ruled, as a matter of law, that a seller of ammunition has no duty of ordinary care to avoid selling ammunition to a convicted felon or a person who is mentally unstable. We disagree. Appellants would have this court rule, as a matter of law, that a duty of ordinary care in connection with the sale of ammunition carries with it a duty of inquiry. In light

of the statute, upon which appellants rely, which indicates to the contrary and in light of the fact appellants bring us no authority directly on point, we are disinclined to make such a ruling. *See* 18 U.S.C.A. 921 *et seq.* (1976 and Supp.1989).

The regulation of ammunition sales is mandated by federal statute. Any negligence per se, on part of appellees, would arise pursuant to the Omnibus Crime Act of 1968. 18 U.S.C.A. § 921 *et seq.* ("Federal Firearms Control Act"; "Act"). Appellants draw our attention to § 922(d) in support of their negligence per se contention. This portion of the Act provides:

It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or a licensed collector to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person:

(1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

(2) is a fugitive from justice;

(3) is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954); or

(4) has been adjudicated as a mental defective or has been committed to any mental institution.

*Id.*

It is undisputed that the assailant in question, to whom appellees sold the ammunition, had been convicted of a crime punishable by imprisonment for a term exceeding one year. It is equally undisputed that appellees sold ammunition to the assailant. However, a fair reading of this statute does not indicate that it gives rise to strict liability. *See* 18 U.S.C.A. 921 *et seq.* A violation under this statute requires the seller to know or have reasonable cause to believe that the person to whom he is about to sell a firearm or ammunition fits into one of the four categories specifically

set out by the Act. It is here that this court and appellants disagree. There is nothing in this statute which indicates a duty of inquiry on the part of the seller. *See* 18 U.S.C.A. 921 *et seq.* The only evidence presented to the trial court at the summary judgment hearing with regard to what appellees' employee knew or had reasonable cause to believe came from the affidavit of the clerk who sold the ammunition and also this clerk's deposition testimony.

The affidavit and deposition of the store clerk indicate that he recalls selling the ammunition to the assailant. He testified that the assailant did not appear unusual or remarkable in any way. We think it is reasonable that the trial court made no finding that the duty of ordinary care did not exist, rather they found there was no breach of the duty of ordinary care.

Appellants bring to us a profusion of authority from which they attempt to concatenate some duty of inquiry to bolster their cause. This plenitude of authority includes *Love v. Zales Corp.*, 689 S.W.2d 282 (Tex.Civ.App.—Eastland 1985, writ ref'd n.r.e.) (clerk was "clearly negligent" in selling a shotgun to a person who disclosed he had previously been committed to a mental institution); *Phillips v. Roy*, 431 So.2d 849 (La.App. 2nd Cir.1983) (salesperson has a duty, over and above filling out the application to purchase a firearm to observe the customer, watching carefully for any signs of mental disturbance or instability which would tend to alert the average individual to the possibility of problems in the area which would require some further inquiry); *Franco v. Bunyard*, 261 Ark. 144, 547 S.W.2d 91 (1977); *Cullum & Boren–McCain Mall, Inc. v. Peacock*, 267 Ark. 479, 592 S.W.2d 442 (1980) (violation of § 922 of the Omnibus Crime Act did create a duty which is actionable at common law); *K–Mart Enter. v. Keller*, 439 So.2d 283 (Fla.Dist.Ct.App.1983) (retail clerk failed to inquire of the purchaser of a weapon facts which are required to be filed on form 4473 [firearm transaction record] the clerk simply filled in the answers himself).

These cases are distinguishable. Each and every case appellants cite deals not with the sale of ammunition, but with the sale of a weapon. It is uncontroverted that the sale of a firearm is more closely regulated than the sale of ammunition. A dealer of firearms may not sell any firearms to a person unless he records the transaction on a firearms transaction record, form 4473. 27 C.F.R. § 178.124(a) (1982).

Form 4473 mandates the recording of the name, address, date, place of birth, height, weight, and race of the purchaser and it includes an executed certification by the purchaser that he is not prohibited from receiving a firearm, to-wit: he is not a convicted felon, a fugitive from justice, a drug user, or has not been adjudicated a mental defective or committed to a mental institution. 27 C.F.R. § 178.124(c) (1982). There is no such requirement for a seller of ammunition. Rather, the statute as it existed on the date of the alleged negligence mandated the ministerial recording of some basic information. The information required of the purchaser included his name, address, date of birth, and the identification of the method used to verify the above information. Other information included the name of the manufacturer of the ammunition, the caliber or gauge, the quantity, and the date of the transaction. 47 C.F.R. § 178.125(c) (1982). We find no statutory or regulatory duty of any kind to further investigate a purchaser's background, nor any authority to indicate the existence of such a duty. Rather, appellants bring us authority which would indicate the contrary. Appellants cite *Decker v. Gibson Prod. Co.*, 679 F.2d 212 (11th Cir.1982). There the federal court explored the question of an independent duty created by 18 U.S.C.A. § 922, and did not find one. They held that this section created a standard against which to measure a person's conduct for the purposes of determining negligence. *Decker*, 679 F.2d at 214.

Appellants' use of this case to create a new duty under the law or perhaps to generate a fact issue which would preclude summary judgment is not supported by logic or the record.

We hold, in view of the summary judgment evidence, taken in the light most favorable to appellants, it is unreasonable for appellants to suggest that the trial court held, as a matter of law, that no duty exists on the part of the seller of ammunition to use ordinary care. We think the record more reasonably indicates the court found a duty, and found that the duty had not been violated. Further, we find that viewing the evidence in the light most favorable to appellants, there is no genuine issue of material fact as to the violation of the Federal Firearms Control Act, absent a duty to inquire which we do not find. Additionally, in light of the evidence upon which the trial court based its ruling, we find there was no evidence, as a matter of law, which would raise a fact issue with regard to appellees, their agents, and employees knowing or having reasonable cause to believe the assailant fell within one of the four categories set out in 18 U.S.C.A. § 922(d).

Appellants' first, second, and third points of error are overruled.

In order to support their summary judgment it was necessary for defendants [here appellees] to negate only one of the elements of plaintiff's cause of action. *Aldridge*, 689 S.W.2d at 342. By upholding the trial court's ruling as to duty and breach of duty it is unnecessary for us to discuss appellant's fourth point of error concerning proximate cause.

The judgment of the trial court is affirmed.