United States Court of Appeals,

Eleventh Circuit.

No. 94-8343.

Sally Y. KING, Plaintiff-Appellant,

v.

STORY'S, INC., d/b/a Story's, Defendant-Appellee.

June 9, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:92-02721-CV-HTW), Horave T. Ward, Judge.

Before KRAVITCH and BIRCH, Circuit Judges, and GOODWIN[*], Senior Circuit Judge.

GOODWIN, Senior Circuit Judge:

Sally King brought this diversity claim against Story's, Inc., alleging negligence in selling a rifle to one Jimmy Gene Hulen, an ex convict, who used it to shoot and injure her. She appeals a summary judgment for Story's.

Hulen had started to purchase the weapon on November 22, 1991, by means of a "lay-away" payment. Hulen falsely completed two key questions on the ATF Form 4473, denying to his prior criminal record and denying his present use of controlled substances. But he did not sign the form at that time because the salesperson correctly indicated that the form should not be signed until the sale was completed by payment and delivery. Hulen paid for and picked up the weapon on December 26, 1991, without signing the ATF Form 4473. Two days after taking possession of the rifle, Hulen shot the plaintiff.

---

[*]Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

Because the sale was made without obtaining the buyer's signature on the ATF form, the sale was contrary to 27 C.F.R. § 178.124 (1992) and thus amounted to negligence per se. However, on cross motions for summary judgment, the trial court granted the defendant store's motion on the theory that the unwitting sale to a unqualified buyer was not the proximate cause of the shooting. Whether or not the sale was illegal, because the seller failed to obtain the signature of the buyer, the court ruled the illegality immaterial.

Putting aside the virtually undisputed point that the sale was an act of negligence per se, the principal question on appeal is whether, as a matter of law, the judge or the jury decides the proximate cause issue in an action by the shooting victim against the seller of a firearm to an unqualified buyer.

The case is controlled by our decision in *Decker v. Gibson Products Co., of Albany, Inc.,* 679 F.2d 212 (11th Cir.1982). There the ex-convict admitted to the salesperson his prior conviction and then exhibited a State of Florida document restoring his civil rights. The sales person then apparently telephoned the local sheriff and was told that it was legal to sell the handgun. We held that the sale nonetheless violated 18 U.S.C. § 922(d)(1); and we held further that it was for the jury, and not for the trial judge, to decide whether the illegal sale was a proximate cause of the death of the plaintiff's decedent.

The defendant argues that the seller of the rifle in this case did not know or have reason to know of Hulen's legal disability to purchase weapons, and therefore did not violate the 18 U.S.C. §

922(d) "knowing or having reason to know" clause relating to the purchaser's disqualification. The trial court agreed with the defendant that the deliberately false information given by the unqualified purchaser on the unsigned form led the seller into the wrongful sale. The trial court disregarded, however, the seller's failure to have the purchaser sign the ATF form. The plaintiff replies that without the signature, the sale could not lawfully be completed, and therefore, the sale was illegal. Being illegal, the sale was negligent as a matter of law, and the negligence was a cause of the injury.

The trial court recognized that this plaintiff, as a victim of a shooting by a convicted felon, is a member of the class of persons Congress intended to protect by enacting the Gun Control Act; that the injuries were of the type contemplated by the Act; and that the sale was made in violation of the Act. The fourth requirement for liability for violation of the Act is that the violation was a proximate cause of the harm. In deciding that the fourth requirement was not met because the sale without obtaining the buyer's signature was not the proximate cause of the harm, the court took away from the jury the question that we held in *Decker v. Gibson* was for the jury. This was error.

While *Decker v. Gibson* applied Georgia law, and the trial court in this case was looking to Alabama law, we have been cited no relevant precedent that would treat the question of proximate cause as a jury question in Georgia and as a law question in Alabama. Indeed, the plaintiff has cited a number of Alabama state cases tending to support the general proposition that proximate

cause ordinarily is for the jury.  See, e.g.  *Sullivan v. Alabama Power Co.,* 246 Ala. 262, 20 So.2d 224 (1944).

The summary judgment is VACATED and the cause is REMANDED for further proceedings.