[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10476

Non-Argument Calendar

_____

BRIAN PHELPS,
an individual,
TAVARES CRENSHAW,
an individual,
KATHY PHELPS,
as personal representative of the
Estate of Brian Phelps,

                                                    Plaintiffs-Appellants,

*versus*

DELPHI BEHAVIORAL HEALTH GROUP, LLC,
d.b.a. Ocean Breeze Recovery,

2                    Opinion of the Court                23-10476

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-61557-AHS

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

The Estate of Brian Phelps and the Estate of Tavares Crenshaw ("Plaintiffs"[1]) appeal the district court's grant of summary judgment in favor of Delphi Behavioral Health Group, LLC d/b/a Ocean Breeze Recovery ("Ocean Breeze"). Both Plaintiffs had a history of addiction and sought treatment from Ocean Breeze. On March 19, 2019, both Plaintiffs were passengers in a van (owned by Ocean Breeze and driven by its employee) when an accident occurred. Both Plaintiffs claim that they suffered neck and back injuries during the accident. Plaintiffs claim negligence on the part of the driver and Ocean Breeze—i.e. the driver's negligent driving and too many passengers in the van for the number of seat belts. Both Plaintiffs claim that they had to undergo surgery on account of such injuries which caused them to take prescription painkillers

_____

[1] As is apparent from the context, we sometimes also use the term "Plaintiff" to refer to the deceased of each Estate, Phelps and Crenshaw.

23-10476                Opinion of the Court                3

which led to a relapse resulting in their overdose and death. Phelps died from an overdose of heroin, cocaine, fentanyl, and oxycodone on July 30, 2019, more than four months after the van accident. Crenshaw died from an overdose of heroin, fentanyl, and cocaine on April 8, 2020, more than a year after the van accident; he had testified in his deposition on January 31, 2020, that he had been drug-free at that time for several months. Plaintiffs argue that the negligence attributed to Ocean Breeze with respect to the van accident proximately caused their succeeding surgeries, interfered with their treatment and recovery, and caused them to relapse and take illegal drugs. Plaintiffs argue that at least there are genuine issues of material fact in this regard.

The district court granted Ocean Breeze's Motion for Summary Judgment. The district court concluded that, under the circumstances of this case, the overdose deaths were not proximately caused by Ocean Breeze's alleged negligence with respect to the van accident. Rather, the court held that the deaths resulted from the intervening cause of "each Plaintiff's voluntary decision to consume drugs," including illegal drugs, which intervening cause was not foreseeable. Doc. 127 at 6. The court held that the foreseeable harm from the alleged negligence with respect to the van accident did not "encompass . . . the independent decision of a tort victim to consume an extraordinarily large quantity of drugs—including illegal drugs—that pose a substantial risk of overdose." *Id.* at 7.

We write only for the parties who are already familiar with the facts.  Accordingly, we set out only so much of the facts as is necessary to understand our opinion.

We agree with the district court that Ocean Breeze was entitled to summary judgment under the facts in this summary judgment record, the issues presented to the district court by the parties, and the relevant law.  Under Florida law:

> harm is "proximate" in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question. In other words, human experience teaches that the same harm can be expected to recur if the same act or omission is repeated in a similar context.

*McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 (Fla. 1992).  Although such foreseeability and proximate cause is a fact-intensive inquiry and is ordinarily a jury issue, "a trial court has discretion to remove the issue from the jury if, 'after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that [the conduct] should have brought about the harm.'"  *Id.* at 503-04 (quoting Restatement (Second) of Torts § 435(2) (1965)).

The dispositive issue before us is whether the overdose deaths of Phelps and Crenshaw were foreseeable intervening occurrences, foreseeable from the alleged negligence with respect to the van accident.  We conclude that they were not.  "Generally,

23-10476                Opinion of the Court                5

independent illegal acts of third persons are deemed unforeseeable and therefore the sole proximate cause of the injury, which excludes the negligence of another as a cause of injury." *Decker v. Gibson Prod. Co. of Albany*, 679 F.2d 212, 215 (11th Cir. 1982)(applying Georgia law).

We believe that analogous caselaw is to be found in cases involving a suicide by a person previously injured by a defendant's negligence. We believe that context is similar to that of Phelps and Crenshaw with respect to whom the claim is that they were injured by Defendant's negligence which caused them to relapse and take illegal drugs which led to their overdose and death. "'According to all the cases in point the general rule is that where injuries resulting from the negligence of a third person produce a state of mind in the injured person which leads to his suicide, the person guilty of the negligence is not civilly responsible for the suicide.'" *Appling v. Jones*, 115 Ga. App. 301, 303, 154 S.E.2d 406, 409 (1967) (applying Georgia law but relying on 11 A.L.R.2d 751, 758 (1950), in holding that plaintiff's decedent's suicide was not reasonably foreseeable and not a normal incident of the risk created by the defendant's negligence that caused a collision with plaintiff's decedent's car and a severe blow to his head).[2] The Florida courts have also applied this general rule in the context of a subsequent suicide by the

---

[2] The general rule has an exception if the wrongful act produces such a rage or frenzy that the injured person destroys himself during such rage or frenzy. The exception did not apply in *Appling* and obviously would have no application here.

person injured by the defendant's negligence.  *Paddock v. Chacko*, 522 So.2d 410, 416 (Fla. 5th DCA 1988), applied the "general rule that there is no liability for the suicide of another in the absence of a specific duty of care," which the court suggested is limited to situations where the defendant had "the ability to supervise, monitor and restrain the patient" as in the case of an "adjudication of incompetency."  *See also Est. of Brennan v. Church of Scientology Flag Serv. Org., Inc.*, 832 F. Supp. 2d 1370, 1381 (M.D. Fla. 2011) (also applying Florida law and the general rule that "a suicide is an intervening cause that is unforeseeable," and referring to *Paddock*—where the defendant was a psychiatrist—as having held that: "Not even a psychiatrist is charged with a duty to predict, and prevent injury resulting from, an individual's propensity to do violence to himself or others.")(internal quotation omitted).

For the first time on appeal, Plaintiffs argue that the general rule described above does not apply because of the "special knowledge" of Defendant.  Because this issue was not fairly presented to the district court, we decline to entertain or address it. *Blue Martini Kendall, LLC v. Miami Dade Cnty.*, 816 F.3d 1343, 1349 (11th Cir. 2016).   Ocean Breeze fairly presented to the district court the general rules discussed above, specifically citing the cases of *Appling* and *Estate of Brennan* (which in turn cited and quoted from the *Paddock* case).  Notwithstanding the apparent applicability of the general rule to this case, Plaintiffs failed to fairly present to the district court their "special knowledge" exception to the general rule.

23-10476              Opinion of the Court                    7

For the foregoing reasons, we cannot conclude that the district court erred in concluding that Ocean Breeze was entitled to summary judgment.  On the basis of the summary judgment record and the issues fairly presented to the district court, we cannot conclude that it erred in holding as a matter of law that the Plaintiffs had failed to prove that the overdose deaths of Phelps and Crenshaw were proximately caused by the alleged negligence of Defendant with respect to the van accident.  Accordingly, the judgment of the district court is

AFFIRMED.